LATHAM & WATKINS LLP
  Jessica Stebbins Bina (Bar No. 248485)
  *jessica.stebbinsbina@lw.com*
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone:  +1 424.653.5500
Facsimile:  +1 424.653.5501

BABST CALLAND
  Nicholas McDaniel (*pro hac vice*)
  *nmcdaniel@babstcalland.com*
505 Ninth St., NW, Suite 602
Washington, DC 20004
Telephone:  +1 202.853.3455
Facsimile:  +1 202.853.3491

HOLLAND & KNIGHT LLP
  James W. Noe (*pro hac vice*)
  *jim.noe@hklaw.com*
  Ashley Akers (*pro hac vice*)
  *ashley.akers@hklaw.com*
800 17th St., NW, Suite 1100
Washington, DC 20006
Telephone: +1 202.469.5525
Facsimile:  +1 202.955.5564

*Attorneys for Defendants Sable Offshore Corp.*
*and Pacific Pipeline Company*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF PARKS AND RECREATION,<br><br>Plaintiff,<br><br>v.<br><br>SABLE OFFSHORE CORP., PACIFIC PIPELINE COMPANY, and DOES 1-50 inclusive,<br><br>Defendants. | Case No. 2:26-cv-02946-SVW-SSC<br><br>**RESPONSES TO CALIFORNIA DEPARTMENT OF PARKS & RECREATION'S OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF DEFENDANTS' OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**<br><br>Hearing: April 27, 2026<br>Time: 1:30 p.m.<br>Hon. Stephen V. Wilson<br><br>Complaint Filed: March 17, 2026<br>Date Removed: March 19, 2026 |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

1

CASE NO. 2:26-cv-02946-SVW-SSC
RESPONSES TO OBJECTIONS TO EVIDENCE
SUBMITTED ISO OPPOSITION TO PI MOTION

Defendants Sable Offshore Corp. and Pacific Pipeline Company (collectively, "Sable") submit the following responses to objections presented by Plaintiff California Department of Parks and Recreation ("CDPR") in connection with CDPR's Motion for Preliminary Injunction, which is set for hearing on April 27, 2026, at 1:30 p.m., before this Court.

## I.   SABLE'S RESPONSES TO OBJECTIONS TO THE DECLARATION OF J. CALDWELL FLORES (ECF NO. 28)

| Material Objected to: | | Grounds for Objection: | Sable's Response |
|---|---|---|---|
| 1 | "These valves reduce the worst-case potential release of oil by almost 40%." ¶ 14. | Lacks foundation; speculative. Fed. R. Evid. 602, 701; *Cleveland v. Groceryworks.com, LLC*, 200 F.Supp.3d 924, 940 (N.D. Cal. 2016); *United States v. Lindsey*, 680 F. Appx. 563, 566 (9th Cir. 2017). There is no indication in the declaration that Mr. Flores has the scientific or engineering knowledge or expertise to opine on this issue. | This portion of Mr. Flores's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701.  Mr. Flores is the President and Chief Operating Officer of Sable Offshore Corp. and President of Pacific Pipeline Company, and he is testifying from personal knowledge about pipeline safety obtained while serving in those roles.  *See Xport Forwarding LLC v. Mesitis DWC LLC*, 694 F. Supp. 3d 1258, 1267 n.4 (C.D. Cal. 2023) (finding "sufficient foundation to support [declarant's] opinion testimony" in opposing a preliminary injunction because declarant was "the principal and owner of a company" in the relevant line of business and "has been involved in the [business at issue] in this case on multiple occasions"); *see* |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

2

CASE NO. 2:26-cv-02946-SVW-SSC
RESPONSES TO OBJECTIONS TO EVIDENCE
SUBMITTED ISO OPPOSITION TO PI MOTION

| Material Objected to: | Grounds for Objection: | Sable's Response |
|---|---|---|
| | | *also In re Kaypro*, 218 F.3d 1070, 1075 (9th Cir. 2000) (concluding that firm executive had adequate foundation for testimony about industry practice).<br><br>Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* Pls.' Resp. to Sable's Objs. to Evid. Submitted in Support of Mot. for Prelim. Inj., ECF 30-3; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 2 | "Contemporary analyses confirm that crude oil pipelines operated with limited cathodic protection are not more likely to result in oil spills or oil spills of increased size when other appropriate leak detection and prevention | Hearsay. Fed. R. Evid. 801; *Young v. Allstate Co.*, 662 F.Supp.3d 1066, 1076 (C.D. Cal. 2023).<br>Lacks foundation. Fed. R. Evid. 602, 701; *Cleveland v. Groceryworks.com, LLC*, 200 F.Supp.3d 924, 940 (N.D. Cal. 2016); *United States v. Lindsey*, 680 F. Appx. 563, 566 (9th Cir. 2017). | This portion of Mr. Flores's declaration is relevant pursuant to Federal Rules of Evidence 401 and 402, and within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701. Mr. Flores is the President and Chief Operating Officer of Sable Offshore Corp. and President of Pacific Pipeline Company, and he is testifying from personal knowledge obtained while serving in those roles about pipeline safety. *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also Kaypro*, 218 F.3d at 1075. |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

CASE NO. 2:26-cv-02946-SVW-SSC
RESPONSES TO OBJECTIONS TO EVIDENCE
SUBMITTED ISO OPPOSITION TO PI MOTION

| Material Objected to: | | Grounds for Objection: | Sable's Response |
|---|---|---|---|
| | methods are implemented, such as those identified in the PHMSA Special Permit." ¶ 17. | | Plaintiff's sole case on hearsay is in a summary judgment posture and concerns documents that were not "authenticated . . . by a valid declaration." *Young v. Allstate Co.*, 662 F. Supp. 3d 1066, 1076 (C.D. Cal. 2023). That is not relevant here. *See Pickup v. Brown*, 42 F. Supp. 3d 1347, 1350 (E.D. Cal. 2012) ("Generally, declarations and evidence supporting a preliminary injunction motion need not conform to the standards for a summary judgment motion[.]"). |
| | | | Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 30-3; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 3 | "OSFM confirmed that Sable's Operations and Maintenance Manual incorporated all procedural modifications contemplated by the Consent | Hearsay. Fed. R. Evid. 801; *Young v. Allstate Co.*, 662 F.Supp.3d 1066, 1076 (C.D. Cal. 2023). | This portion of Mr. Flores's declaration is relevant pursuant to Federal Rules of Evidence 401 and 402. *See Ca Smoke & Vape Ass'n, Inc. v. County of Los Angeles*, No. 20-cv-4065 DSF (KSX), 2020 WL 4390384, at *6 (C.D. Cal. June 9, 2020) ("[I]t is well established that district courts may 'consider hearsay in |

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

4

CASE NO. 2:26-cv-02946-SVW-SSC
RESPONSES TO OBJECTIONS TO EVIDENCE
SUBMITTED ISO OPPOSITION TO PI MOTION

| Material Objected to: | Grounds for Objection: | Sable's Response |
|---|---|---|
| Decree. OSFM also confirmed that Sable has instituted a management of change plan to ensure any future procedural changes are similarly incorporated into the Operations and Maintenance Manual." ¶ 23. | | deciding whether to issue a preliminary injunction.'" (quoting *Johnson v. Couturier*, 572 F.3d 1067, 1083 (9th Cir. 2009))). <br><br> Plaintiff's sole case on hearsay is in a summary judgment posture and concerns documents that were not "authenticated . . . by a valid declaration." *Young*, 662 F. Supp. 3d at 1076. That is not relevant here. *See Pickup*, 42 F. Supp. 3d at 1350. <br><br> Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 30-3; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 4 "OSFM . . . confirmed the enhancements satisfied all applicable Consent Decree requirements." ¶ 26. | Hearsay. Fed. R. Evid. 801; *Young v. Allstate Co.*, 662 F.Supp.3d 1066, 1076 (C.D. Cal. 2023). | This portion of Mr. Flores's declaration is relevant pursuant to Federal Rules of Evidence 401 and 402. *See Ca Smoke & Vape*, 2020 WL 4390384, at *6 ("[I]t is well established that district courts may "consider hearsay in deciding whether to issue a preliminary injunction."). <br><br> Plaintiff's sole case on hearsay is in a summary judgment |

5

| Material Objected to: | Grounds for Objection: | Sable's Response |
|---|---|---|
| | | posture and concerns documents that were not "authenticated . . . by a valid declaration." *Young*, 662 F. Supp. 3d at 1076.  That is not relevant here.  *See Pickup*, 42 F. Supp. 3d at 1350.<br><br>Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence.  *See* ECF 30-3; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 5   "These developments exacerbated an already acute oil shortage on the West Coast as recognized in Executive Order 14156, 90 Fed. Reg. 8433 (Jan. 29, 2025), creating threats to national security and domestic energy supplies." ¶ 34. | Lacks foundation; speculative. Fed. R. Evid. 602, 701; *Cleveland v. Groceryworks.com, LLC*, 200 F.Supp.3d 924, 940 (N.D. Cal. 2016); *United States v. Lindsey*, 680 F. Appx. 563, 566 (9th Cir. 2017). | This portion of Mr. Flores's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701.  Mr. Flores is the President and Chief Operating Officer of Sable Offshore Corp. and President of Pacific Pipeline Company, and he is testifying from personal knowledge obtained while serving in those roles about the oil industry.  *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also Kaypro*, 218 F.3d at 1075.<br><br>Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

| Material Objected to: | | Grounds for Objection: | Sable's Response |
|---|---|---|---|
| | | | and may consider inadmissible evidence. *See* ECF 30-3; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 6 | "A court-ordered pipeline shutdown would be a difficult, complex, time consuming process which carries additional safety risks." ¶ 48. | Lacks foundation; speculative. Fed. R. Evid. 602, 701; *Cleveland v. Groceryworks.com, LLC*, 200 F.Supp.3d 924, 940 (N.D. Cal. 2016); *United States v. Lindsey*, 680 F. Appx. 563, 566 (9th Cir. 2017). The declaration does not establish which "safety risks" would ensue from a shutdown of the Pipeline. Nor is there any indication in the declaration that Mr. Flores has the scientific or engineering knowledge or expertise to opine on these alleged "safety risks." | This portion of Mr. Flores's declaration is relevant pursuant to Federal Rules of Evidence 401 and 402, and within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701. Mr. Flores is the President and Chief Operating Officer of Sable Offshore Corp. and President of Pacific Pipeline Company, and he is testifying from personal knowledge obtained while serving in those roles about pipeline safety and operations. *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also In re Kaypro*, 218 F.3d at 1075.<br><br>Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 30-3; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 7 | "A business disruption of this magnitude could dramatically lower the company's | Lacks foundation; speculative. Fed. R. Evid. 602, 701; *Cleveland v. Groceryworks.com, LLC*, 200 F.Supp.3d 924, 940 (N.D. Cal. | This portion of Mr. Flores's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701. Mr. Flores is the President and Chief Operating Officer of Sable Offshore Corp. |

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
LOS ANGELES

7

CASE NO. 2:26-cv-02946-SVW-SSC
RESPONSES TO OBJECTIONS TO EVIDENCE
SUBMITTED ISO OPPOSITION TO PI MOTION

| Material Objected to: | | Grounds for Objection: | Sable's Response |
|---|---|---|---|
| | share price, destroying value for shareholders, including not just institutional investors but also workers across the country whose pensions and retirement plans hold equity in Sable." ¶ 50. | 2016); *United States v. Lindsey*, 680 F. Appx. 563, 566 (9th Cir. 2017). | and President of Pacific Pipeline Company, and he is testifying from personal knowledge about his company's finances. *See Xport*, 694 F. Supp. 3d at 1267 n.4.<br><br>Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 30-3; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 8 | "Continued operation of the SYU and the SYPS is also indispensable to the livelihoods of approximately 300 well-paid contractors, including laborers, operators, welders, mechanics, electricians, engineers, longshoremen, and | Lacks foundation; speculative. Fed. R. Evid. 602, 701; *Cleveland v. Groceryworks.com, LLC*, 200 F.Supp.3d 924, 940 (N.D. Cal. 2016); *United States v. Lindsey*, 680 F. Appx. 563, 566 (9th Cir. 2017). | This portion of Mr. Flores's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701. Mr. Flores is the President and Chief Operating Officer of Sable Offshore Corp. and President of Pacific Pipeline Company, and he is testifying from personal knowledge obtained while serving in those roles about the contractors hired by his company and his company's relationship with those contractors. *See Xport*, 694 F. Supp. 3d at 1267 n.4.<br><br>Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to |

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
LOS ANGELES

CASE NO. 2:26-cv-02946-SVW-SSC
RESPONSES TO OBJECTIONS TO EVIDENCE
SUBMITTED ISO OPPOSITION TO PI MOTION

| Material Objected to: | | Grounds for Objection: | Sable's Response |
|---|---|---|---|
| | construction workers, many of whom are unionized. Because of the dearth of oil production in California, these jobs will also be difficult to replace if lost. Moreover, informing contractors that there is no longer work for them would compromise goodwill and jeopardize longstanding relationships between those individuals and Sable." ¶ 52. | | evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 30-3; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 9 | "Loss of these jobs would not only hurt the employees, contractors, and their families: local governments, principally Santa Barbara | Lacks foundation; speculative. Fed. R. Evid. 602, 701; *Cleveland v. Groceryworks.com, LLC*, 200 F.Supp.3d 924, 940 (N.D. Cal. 2016); *United States v. Lindsey*, 680 F. Appx. 563, 566 (9th Cir. 2017). | This portion of Mr. Flores's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701. Mr. Flores is the President and Chief Operating Officer of Sable Offshore Corp. and President of Pacific Pipeline Company, and he is testifying from personal knowledge obtained while |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

9

CASE NO. 2:26-cv-02946-SVW-SSC
RESPONSES TO OBJECTIONS TO EVIDENCE
SUBMITTED ISO OPPOSITION TO PI MOTION

| Material Objected to: | | Grounds for Objection: | Sable's Response |
|---|---|---|---|
| | County, but also San Luis Obispo County and Kern County, would be negatively affected by the loss of revenue from income, sales, and property taxes . . . ." ¶ 54. | | serving in those roles about the income, sales, and property taxes paid by his company to Santa Barbara County, San Luis Obispo County, and Kern County. *See Xport*, 694 F. Supp. 3d at 1267 n.4.<br><br>Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 30-3; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 10 | "California is currently facing an energy crisis. It has the highest retail gasoline and aviation fuel costs in the United States, and the state must import most of its oil from foreign countries to satisfy its residents' growing energy demands. According to | Hearsay. Fed. R. Evid. 801; *Young v. Allstate Co.*, 662 F.Supp.3d 1066, 1076 (C.D. Cal. 2023).<br>Lacks foundation. Fed. R. Evid. 602, 701; *Cleveland v. Groceryworks.com, LLC*, 200 F.Supp.3d 924, 940 (N.D. Cal. 2016); *United States v. Lindsey*, 680 F. Appx. 563, 566 (9th Cir. 2017). | This portion of Mr. Flores's declaration is relevant pursuant to Federal Rules of Evidence 401 and 402. *See Ca Smoke & Vape*, 2020 WL 4390384, at *6 ("[I]t is well established that district courts may "consider hearsay in deciding whether to issue a preliminary injunction.").<br><br>Plaintiff's sole case on hearsay is in a summary judgment posture and concerns documents that were not "authenticated . . . by a valid declaration." *Young*, 662 F. Supp. 3d at 1076. That is not relevant here. *See Pickup*, 42 F. Supp. 3d at 1350. |

| Material Objected to: | Grounds for Objection: | Sable's Response |
|---|---|---|
| the California Energy Commission, over 61% of the crude oil feeding California refineries was imported from foreign countries, many in the turbulent Middle East. *See* Cal. Energy Comm'n, *Annual Oil Supply Sources to California Refineries*, https://tinyurl.com/4hkecyjn (last visited Apr. 1, 2026). Whereas thirty years ago in-state production constituted 50% of oil supply (and Alaskan production represented another 38%, for a domestic | | This portion of Mr. Flores's declaration is also within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701.  Mr. Flores is the President and Chief Operating Officer of Sable Offshore Corp. and President of Pacific Pipeline Company, and he is testifying from personal knowledge obtained while serving in those roles about the income, sales, and property taxes paid by his company to Santa Barbara County, San Luis Obispo County, and Kern County.  *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also Kaypro*, 218 F.3d at 1075.<br><br>Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence.  *See* ECF 30-3; *Xport*, 694 F. Supp. 3d at 1267 n.4. |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

CASE NO. 2:26-cv-02946-SVW-SSC
RESPONSES TO OBJECTIONS TO EVIDENCE
SUBMITTED ISO OPPOSITION TO PI MOTION

| Material Objected to: | Grounds for Objection: | Sable's Response |
|---|---|---|
| total of 88%), foreign imports have risen from 12% in 1997 to 61% last year. Iraq alone is responsible for 17% of California's foreign crude oil imports, and Middle Eastern imports collectively represent over a quarter of California's oil imports. *See* Cal. Energy Comm'n, *Foreign Sources of Crude Oil Imports to California*, https://tinyurl.com/yjtu77rx (last visited Apr. 1, 2026)." ¶ 55. | | |
| 11  "Many of these tankers must traverse the Strait of Hormuz, which | Lacks foundation. Fed. R. Evid. 602, 701; *Cleveland v. Groceryworks.com, LLC*, 200 F.Supp.3d | This portion of Mr. Flores's declaration is relevant pursuant to Federal Rules of Evidence 401 and 402 and within his personal knowledge pursuant to |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

CASE NO. 2:26-cv-02946-SVW-SSC
RESPONSES TO OBJECTIONS TO EVIDENCE
SUBMITTED ISO OPPOSITION TO PI MOTION

| Material Objected to: | Grounds for Objection: | Sable's Response |
|---|---|---|
| is currently the site of intense military activity . . . ." ¶ 55. | 924, 940 (N.D. Cal. 2016); *United States v. Lindsey*, 680 F. Appx. 563, 566 (9th Cir. 2017). | Federal Rules of Evidence 602 and 701.  Mr. Flores is the President and Chief Operating Officer of Sable Offshore Corp. and President of Pacific Pipeline Company, and he is testifying from personal knowledge obtained while serving in those roles about the state of the industry in which his company operates.  *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also Kaypro*, 218 F.3d at 1075.<br><br>Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence.  *See* ECF 30-3; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 12 | "In September 2025, the pipeline's owner sent a letter to California Governor Gavin Newsom, noting that the operator was in severe financial distress | Hearsay. Fed. R. Evid. 801; *Young v. Allstate Co.*, 662 F.Supp.3d 1066, 1076 (C.D. Cal. 2023). Lacks foundation; speculative. Fed. R. Evid. 602, 701; *Cleveland v. Groceryworks.com, LLC*, 200 F.Supp.3d 924, 940 (N.D. Cal. 2016); | This portion of Mr. Flores's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701.  Mr. Flores is the President and Chief Operating Officer of Sable Offshore Corp. and President of Pacific Pipeline Company, and he is testifying from personal knowledge obtained while serving in those roles about the state of the industry in which his company operates.  *See* |

| Material Objected to: | Grounds for Objection: | Sable's Response |
|---|---|---|
| because of the pipeline's sudden underutilization. Without relief, the letter warned, the pipeline would have to be shut down, which would have severely negative consequences. The CEO added that California crude oil production was meeting only 25% of refinery demand and encouraged Governor Newsom to allow the SYU to reopen, which would reinfuse the pipeline system and allow more crude oil to flow north from Kern County. . . . | *United States v. Lindsey*, 680 F. Appx. 563, 566 (9th Cir. 2017). | *Xport*, 694 F. Supp. 3d at 1267 n.4; *see also Kaypro*, 218 F.3d at 1075.<br><br>This portion of Mr. Flores's declaration is relevant pursuant to Federal Rules of Evidence 401 and 402. *See Ca Smoke & Vape*, 2020 WL 4390384, at *6 ("[I]t is well established that district courts may "consider hearsay in deciding whether to issue a preliminary injunction.").<br><br>Plaintiff's sole case on hearsay is in a summary judgment posture and concerns documents that were not "authenticated . . . by a valid declaration." *Young*, 662 F. Supp. 3d at 1076. That is not relevant here. *See Pickup*, 42 F. Supp. 3d at 1350.<br><br>Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 30-3; *Xport*, 694 F. Supp. 3d at 1267 n.4. |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

14

CASE NO. 2:26-cv-02946-SVW-SSC
RESPONSES TO OBJECTIONS TO EVIDENCE
SUBMITTED ISO OPPOSITION TO PI MOTION

| Material Objected to: | | Grounds for Objection: | Sable's Response |
|---|---|---|---|
| | Prospects for restart are dim, as the economics of the pipeline remain highly challenged due to declining regional production and strict environmental regulations." ¶ 56. | | |
| 13 | "And these refineries are needed to supply needed fuel, including gasoline, not just to California but also the rest of the West Coast, including inland states like Nevada and Arizona that are dependent on California." ¶ 57. | Lacks foundation. Fed. R. Evid. 602, 701; *Cleveland v. Groceryworks.com, LLC*, 200 F.Supp.3d 924, 940 (N.D. Cal. 2016); *United States v. Lindsey*, 680 F. Appx. 563, 566 (9th Cir. 2017). | This portion of Mr. Flores's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701.  Mr. Flores is the President and Chief Operating Officer of Sable Offshore Corp. and President of Pacific Pipeline Company, and he is testifying from personal knowledge obtained while serving in those roles about the oil industry.  *See Xport*, 694 F. Supp. 3d at 1267 n.4.<br><br>Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence.  *See* ECF 30-3; *Xport*, 694 F. Supp. 3d at 1267 n.4. |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

15

CASE NO. 2:26-cv-02946-SVW-SSC
RESPONSES TO OBJECTIONS TO EVIDENCE
SUBMITTED ISO OPPOSITION TO PI MOTION

| Material Objected to: | | Grounds for Objection: | Sable's Response |
|---|---|---|---|
| 14 | "If a court prevents Sable from producing oil and gas from the SYU and transporting oil through the SYPS to market, it is highly unlikely that the SYU will ever be produced, stranding billions of dollars of valuable natural resources owned by the public and destroying significant economic activity." ¶ 59. | Lacks foundation; speculative. Fed. R. Evid. 602, 701; *Cleveland v. Groceryworks.com, LLC*, 200 F.Supp.3d 924, 940 (N.D. Cal. 2016); *United States v. Lindsey*, 680 F. Appx. 563, 566 (9th Cir. 2017). | This portion of Mr. Flores's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701.  Mr. Flores is the President and Chief Operating Officer of Sable Offshore Corp. and President of Pacific Pipeline Company, and he is testifying from personal knowledge obtained while serving in those roles about the production of oil in the offshore field owned by his company. *See Xport*, 694 F. Supp. 3d at 1267 n.4.<br><br>Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence.  *See* ECF 30-3; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 15 | "An injunction would eliminate this significant contribution to the U.S. Treasury . . . ." ¶ 61. | Lacks foundation; speculative. Fed. R. Evid. 602, 701; *Cleveland v. Groceryworks.com, LLC*, 200 F.Supp.3d 924, 940 (N.D. Cal. 2016); *United States v. Lindsey*, 680 F. Appx. | This portion of Mr. Flores's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701.  Mr. Flores is the President and Chief Operating Officer of Sable Offshore Corp. and President of Pacific Pipeline Company, and he is testifying from personal |

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
LOS ANGELES

16

CASE NO. 2:26-cv-02946-SVW-SSC
RESPONSES TO OBJECTIONS TO EVIDENCE
SUBMITTED ISO OPPOSITION TO PI MOTION

| Material Objected to: | | Grounds for Objection: | Sable's Response |
|---|---|---|---|
| | | 563, 566 (9th Cir. 2017). | knowledge obtained while serving in those roles about the royalties paid by his own company into the U.S. Treasury. *See Xport*, 694 F. Supp. 3d at 1267 n.4.<br><br>Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 30-3; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 16 | "Sable is one of Santa Barbara County's highest taxpayers." ¶ 63. | Lacks foundation. Fed. R. Evid. 602, 701; *Cleveland v. Groceryworks.com, LLC*, 200 F.Supp.3d 924, 940 (N.D. Cal. 2016); *United States v. Lindsey*, 680 F. Appx. 563, 566 (9th Cir. 2017). | This portion of Mr. Flores's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701. Mr. Flores is the President and Chief Operating Officer of Sable Offshore Corp. and President of Pacific Pipeline Company, and he is testifying from personal knowledge obtained while serving in those roles about the taxes paid by his own company to Santa Barbara County. *See Xport*, 694 F. Supp. 3d at 1267 n.4.<br><br>Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

17

CASE NO. 2:26-cv-02946-SVW-SSC
RESPONSES TO OBJECTIONS TO EVIDENCE
SUBMITTED ISO OPPOSITION TO PI MOTION

| Material Objected to: | Grounds for Objection: | Sable's Response |
|---|---|---|
| | | and may consider inadmissible evidence. *See* ECF 30-3; *Xport*, 694 F. Supp. 3d at 1267 n.4. |

## II.  SABLE'S RESPONSES TO OBJECTIONS TO THE DECLARATION OF JESSICA STEBBINS BINA (ECF NO. 25)

| | Material Objected to: | Grounds for Objection: | Sable's Response |
|---|---|---|---|
| 1 | The entirety of Exhibit A (report dated April 2, 2026, prepared by FJ Technologies, Inc.). | Hearsay. Fed. R. Evid. 801; *Young v. Allstate Co.*, 662 F.Supp.3d 1066, 1076 (C.D. Cal. 2023). Ms. Stebbins Bina did not prepare this report, nor did FJ Technologies, Inc., submit a declaration attesting to the statements and information in the report. Accordingly, the report is hearsay. | This exhibit is not hearsay, because it is a business record made in the course of a regular activity of Sable—ensuring the safety and integrity of its pipelines. *See* Fed. R. Evid. 803(6).  This exhibit is relevant pursuant to Federal Rules of Evidence 401 and 402. *See Ca Smoke & Vape*, 2020 WL 4390384, at *6 ("[I]t is well established that district courts may "consider hearsay in deciding whether to issue a preliminary injunction.").  This exhibit is an expert report that is "grounded in the methods and procedures of science," *see* Fed. R. Evid. 702, and based "on facts or data" that the expert has "been made aware of or personally observed," and those facts |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

| Material Objected to: | Grounds for Objection: | Sable's Response |
|---|---|---|
| | | "need not be admissible" because the measurements and observations undertaken are the kind of observations an expert "would reasonably rely on" in determining soil subsidence, *see* Fed. R. Evid. 703; *see also Nixon-Egli Equip. Co. v. John A. Alexander Co.*, 949 F. Supp. 1435, 1445-47 (C.D. Cal. 1996).<br><br>Plaintiff's sole case on hearsay is in a summary judgment posture and concerns documents that were not "authenticated . . . by a valid declaration." *Young*, 662 F. Supp. 3d at 1076. That is not relevant here. *See Pickup*, 42 F. Supp. 3d at 1350.<br><br>Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 30-3; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 2 | The entirety of Exhibit B (Statement of Services and Qualifications of FJ | Hearsay. Fed. R. Evid. 801; *Young v. Allstate Co.*, 662 F.Supp.3d 1066, 1076 (C.D. Cal. 2023). Ms. Stebbins Bina did not prepare this Statement, nor did | This exhibit to Ms. Stebbins Bina's declaration is relevant pursuant to Federal Rules of Evidence 401 and 402. *See Ca Smoke & Vape*, 2020 WL 4390384, at *6 ("[I]t is well established that district courts |

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
LOS ANGELES

CASE NO. 2:26-cv-02946-SVW-SSC
RESPONSES TO OBJECTIONS TO EVIDENCE
SUBMITTED ISO OPPOSITION TO PI MOTION

| Material Objected to: | Grounds for Objection: | Sable's Response |
|---|---|---|
| Technologies, Inc.). | FJ Technologies, Inc., submit a declaration attesting to the statements and information in the Statement. Accordingly, the Statement is hearsay. | may "consider hearsay in deciding whether to issue a preliminary injunction.").<br><br>This exhibit is relevant to authenticate the report prepared by FJ Technologies and to establish the expertise of FJ Technologies to offer the opinions in Exhibit A, in accordance with Federal Rule of Evidence 702.  *See* Fed. R. Evid. 702, 901.<br><br>Plaintiff's sole case on hearsay is in a summary judgment posture and concerns documents that were not "authenticated . . . by a valid declaration." *Young*, 662 F. Supp. 3d at 1076.  That is not relevant here.  *See Pickup*, 42 F. Supp. 3d at 1350.<br><br>Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence.  *See* ECF 30-3; *Xport*, 694 F. Supp. 3d at 1267 n.4. |

## III.   SABLE'S RESPONSES TO OBJECTIONS TO THE DECLARATION OF STEVE RUSCH (ECF NO. 27)

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

20

CASE NO. 2:26-cv-02946-SVW-SSC
RESPONSES TO OBJECTIONS TO EVIDENCE
SUBMITTED ISO OPPOSITION TO PI MOTION

| Material Objected to: | Grounds for Objection: | Sable's Response |
|---|---|---|
| 1 "On May 2, 2024, Sable met with CDPR to discuss the process for renewing the easement and making the needed repairs to comply with the Consent Decree. Sable informed CDPR that the pipeline would be repaired, not replaced. Sable informed CDPR that, at that time, it anticipated resuming oil transportation in the repaired line by September 2024. In response, CDPR stated that the process of obtaining the easement would be extensive, likely taking a year or more. Sable's notes | Lacks foundation; speculative. Fed. R. Evid. 602, 701; *Cleveland v. Groceryworks.com, LLC*, 200 F.Supp.3d 924, 940 (N.D. Cal. 2016); *United States v. Lindsey*, 680 F. Appx. 563, 566 (9th Cir. 2017). There is no indication in Paragraph 8 of Mr. Rusch's declaration that he personally attended the referenced meeting or that he prepared the referenced notes. Also, Mr. Rusch's statement that State Parks understood that oil would flow through the Pipeline during the period the easement was being finalized is speculative. | This portion of Mr. Rusch's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701. Mr. Rusch is the Vice President, Regulatory & Environmental Affairs of Sable Offshore Corp. and is testifying from personal knowledge obtained while serving in his role as head of regulatory affairs about his company's interactions with a California agency and its regulations. *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also Kaypro*, 218 F.3d at 1075 ("Personal knowledge may be inferred from a declarant's position."); *Brown v. Jones Lang LaSalle Ams., Inc.*, No. CV1503883SJOFFMX, 2016 WL 11756812, at *10 (C.D. Cal. May 23, 2016).<br><br>Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 30-3; *Xport*, 694 F. Supp. 3d at 1267 n.4. |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

21

CASE NO. 2:26-cv-02946-SVW-SSC
RESPONSES TO OBJECTIONS TO EVIDENCE
SUBMITTED ISO OPPOSITION TO PI MOTION

| Material Objected to: | | Grounds for Objection: | Sable's Response |
| --- | --- | --- | --- |
| | concerning this call reflect that both parties understood that oil would flow through Segment CA-325 during the period while the easement was being finalized." ¶ 8. | | |
| 2 | "On May 22, 2025, Sable met with CDPR to discuss the easement renewal process and the steps required. During that meeting, representatives for the State again stated that further CEQA review would not be required." ¶ 15. | Lacks foundation. Fed. R. Evid. 602, 701; *Cleveland v. Groceryworks.com, LLC*, 200 F.Supp.3d 924, 940 (N.D. Cal. 2016); *United States v. Lindsey*, 680 F. Appx. 563, 566 (9th Cir. 2017). There is no indication in Paragraph 15 of Mr. Rusch's declaration that he personally attended the referenced meeting. | This portion of Mr. Rusch's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701. Mr. Rusch is the Vice President, Regulatory & Environmental Affairs of Sable Offshore Corp. and is testifying from personal knowledge obtained while serving in his role as head of regulatory affairs about his company's interactions with a California agency and its regulations. *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also Kaypro*, 218 F.3d at 1075; *Brown*, 2016 WL 11756812, at *10.

Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

CASE NO. 2:26-cv-02946-SVW-SSC
RESPONSES TO OBJECTIONS TO EVIDENCE
SUBMITTED ISO OPPOSITION TO PI MOTION

| Material Objected to: | Grounds for Objection: | Sable's Response |
|---|---|---|
| | | evidence. *See* ECF 30-3; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 3  "On July 3, 2025, CDPR's Chief Counsel informed Sable's representatives that it was likely that easement renewal was exempt from the California Environmental Quality Act ('CEQA') and that no further environmental review would be needed, because environmental review had already been completed at the time Segment CA-325 was initially constructed. This was consistent with the position that CDPR had taken with respect to the | Lacks foundation. Fed. R. Evid. 602, 701; *Cleveland v. Groceryworks.com, LLC*, 200 F.Supp.3d 924, 940 (N.D. Cal. 2016); *United States v. Lindsey*, 680 F. Appx. 563, 566 (9th Cir. 2017). There is no indication in Paragraph 17 of Mr. Rusch's declaration that State Parks' Chief Counsel made the alleged statement to Mr. Rusch, or that the alleged "prior statements" were made to him. | This portion of Mr. Rusch's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701.  Mr. Rusch is the Vice President, Regulatory & Environmental Affairs of Sable Offshore Corp. and is testifying from personal knowledge obtained while serving in his role as head of regulatory affairs about his company's interactions with a California agency and its regulations.  *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also Kaypro*, 218 F.3d at 1075; *Brown*, 2016 WL 11756812, at *10.  Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence.  *See* ECF 30-3; *Xport*, 694 F. Supp. 3d at 1267 n.4. |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

23

CASE NO. 2:26-cv-02946-SVW-SSC
RESPONSES TO OBJECTIONS TO EVIDENCE
SUBMITTED ISO OPPOSITION TO PI MOTION

| Material Objected to: | Grounds for Objection: | Sable's Response |
|---|---|---|
| repairs in the May 9, 2025 Notice of Exemption, and with CDPR's prior statements to Sable." ¶ 17. | | |
| 4   "I understand that Sable's representative responded immediately to Ms. Siverson, asking about the new meeting date. He received no response." ¶ 27. | Lacks foundation. Fed. R. Evid. 602, 701; *Cleveland v. Groceryworks.com, LLC*, 200 F.Supp.3d 924, 940 (N.D. Cal. 2016); *United States v. Lindsey*, 680 F. Appx. 563, 566 (9th Cir. 2017). | This portion of Mr. Rusch's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701.  Mr. Rusch is the Vice President, Regulatory & Environmental Affairs of Sable Offshore Corp. and is testifying from personal knowledge obtained while serving in his role as head of regulatory affairs about his company's interactions with a California agency and its regulations.  *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also Kaypro*, 218 F.3d at 1075; *Brown*, 2016 WL 11756812, at *10. <br><br>Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence.  *See* ECF 30-3; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 5   "I understand that Sable's representative | Lacks foundation. Fed. R. Evid. 602, 701; *Cleveland v.* | This portion of Mr. Rusch's declaration is within his personal knowledge pursuant to |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

| Material Objected to: | Grounds for Objection: | Sable's Response |
|---|---|---|
| followed up on September 11, 2025, to Ms. Siverson and her colleague, Chief Counsel Tara Lynch, but received no reply." ¶ 28. | *Groceryworks.com, LLC*, 200 F.Supp.3d 924, 940 (N.D. Cal. 2016); *United States v. Lindsey*, 680 F. Appx. 563, 566 (9th Cir. 2017). | Federal Rules of Evidence 602 and 701.  Mr. Rusch is the Vice President, Regulatory & Environmental Affairs of Sable Offshore Corp. and is testifying from personal knowledge obtained while serving in his role as head of regulatory affairs about his company's interactions with a California agency and its regulations.  *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also Kaypro*, 218 F.3d at 1075; *Brown*, 2016 WL 11756812, at *10.  Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence.  *See* ECF 30-3; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 6 | "I understand that Sable's representative followed up again on September 14, 2025, and on September 15, 2025, with both Ms. Siverson and Ms. Lynch, but received no reply." ¶ 29. | Lacks foundation. Fed. R. Evid. 602, 701; *Cleveland v. Groceryworks.com, LLC*, 200 F.Supp.3d 924, 940 (N.D. Cal. 2016); *United States v. Lindsey*, 680 F. Appx. 563, 566 (9th Cir. 2017). | This portion of Mr. Rusch's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701.  Mr. Rusch is the Vice President, Regulatory & Environmental Affairs of Sable Offshore Corp. and is testifying from personal knowledge obtained while serving in his role as head of regulatory affairs about his company's interactions with a California |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

25

CASE NO. 2:26-cv-02946-SVW-SSC
RESPONSES TO OBJECTIONS TO EVIDENCE
SUBMITTED ISO OPPOSITION TO PI MOTION

| Material Objected to: | Grounds for Objection: | Sable's Response |
|---|---|---|
| | | agency and its regulations. *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also Kaypro*, 218 F.3d at 1075; *Brown*, 2016 WL 11756812, at *10.<br><br>Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 30-3; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 7 | "On September 17, 2025, CDPR stated that it would 'reach out as soon as we can to schedule a meeting with Sable.'" ¶ 30. | Lacks foundation. Fed. R. Evid. 602, 701; *Cleveland v. Groceryworks.com, LLC*, 200 F.Supp.3d 924, 940 (N.D. Cal. 2016); *United States v. Lindsey*, 680 F. Appx. 563, 566 (9th Cir. 2017). | This portion of Mr. Rusch's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701. Mr. Rusch is the Vice President, Regulatory & Environmental Affairs of Sable Offshore Corp. and is testifying from personal knowledge obtained while serving in his role as head of regulatory affairs about his company's interactions with a California agency and its regulations. *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also Kaypro*, 218 F.3d at 1075; *Brown*, 2016 WL 11756812, at *10.<br><br>Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a |

| Material Objected to: | Grounds for Objection: | Sable's Response |
|---|---|---|
| | | preliminary injunction motion and may consider inadmissible evidence. *See* ECF 30-3; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 8 "I understand that Sable's representative followed up again with a phone call to Ms. Siverson on September 22, 2025, but received no response." ¶ 31. | Lacks foundation. Fed. R. Evid. 602, 701; *Cleveland v. Groceryworks.com, LLC*, 200 F.Supp.3d 924, 940 (N.D. Cal. 2016); *United States v. Lindsey*, 680 F. Appx. 563, 566 (9th Cir. 2017). | This portion of Mr. Rusch's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701.  Mr. Rusch is the Vice President, Regulatory & Environmental Affairs of Sable Offshore Corp. and is testifying from personal knowledge obtained while serving in his role as head of regulatory affairs about his company's interactions with a California agency and its regulations.  *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also Kaypro*, 218 F.3d at 1075; *Brown*, 2016 WL 11756812, at \*10.<br><br>Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence.  *See* ECF 30-3; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 9 "I understand that Sable's representative followed up again with a call to Ms. | Lacks foundation. Fed. R. Evid. 602, 701; *Cleveland v. Groceryworks.com, LLC*, 200 F.Supp.3d 924, 940 (N.D. Cal. | This portion of Mr. Rusch's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701.  Mr. Rusch is the Vice President, Regulatory & |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

27

CASE NO. 2:26-cv-02946-SVW-SSC
RESPONSES TO OBJECTIONS TO EVIDENCE
SUBMITTED ISO OPPOSITION TO PI MOTION

| Material Objected to: | | Grounds for Objection: | Sable's Response |
|---|---|---|---|
| | Siverson on September 24, 2025. Ms. Siverson responded by email, stating only that 'State Parks is reviewing internally. I will let you know as soon as we are ready to meet.'" ¶ 32. | 2016); *United States v. Lindsey*, 680 F. Appx. 563, 566 (9th Cir. 2017). | Environmental Affairs of Sable Offshore Corp. and is testifying from personal knowledge obtained while serving in his role as head of regulatory affairs about his company's interactions with a California agency and its regulations. *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also Kaypro*, 218 F.3d at 1075; *Brown*, 2016 WL 11756812, at *10.<br><br>Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 30-3; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 10 | "I understand that Sable's representative followed up again on September 25, 2025, with a message to Ms. Lynch, but received no response." ¶ 33. | Lacks foundation. Fed. R. Evid. 602, 701; *Cleveland v. Groceryworks.com, LLC*, 200 F.Supp.3d 924, 940 (N.D. Cal. 2016); *United States v. Lindsey*, 680 F. Appx. 563, 566 (9th Cir. 2017). | This portion of Mr. Rusch's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701.  Mr. Rusch is the Vice President, Regulatory & Environmental Affairs of Sable Offshore Corp. and is testifying from personal knowledge obtained while serving in his role as head of regulatory affairs about his company's interactions with a California agency and its regulations.  *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also Kaypro*, 218 F.3d |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

28

CASE NO. 2:26-cv-02946-SVW-SSC
RESPONSES TO OBJECTIONS TO EVIDENCE
SUBMITTED ISO OPPOSITION TO PI MOTION

| Material Objected to: | | Grounds for Objection: | Sable's Response |
|---|---|---|---|
| | | | at 1075; *Brown*, 2016 WL 11756812, at *10. |
| | | | Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 30-3; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 11 | "I understand that Sable's representative followed up again on September 30, 2025, with a call to Ms. Lynch, but received no response." ¶ 34. | Lacks foundation. Fed. R. Evid. 602, 701; *Cleveland v. Groceryworks.com, LLC*, 200 F.Supp.3d 924, 940 (N.D. Cal. 2016); *United States v. Lindsey*, 680 F. Appx. 563, 566 (9th Cir. 2017). | This portion of Mr. Rusch's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701.  Mr. Rusch is the Vice President, Regulatory & Environmental Affairs of Sable Offshore Corp. and is testifying from personal knowledge obtained while serving in his role as head of regulatory affairs about his company's interactions with a California agency and its regulations.  *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also Kaypro*, 218 F.3d at 1075; *Brown*, 2016 WL 11756812, at *10. |
| | | | Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence.  *See* ECF 30-3; *Xport*, |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

29

CASE NO. 2:26-cv-02946-SVW-SSC
RESPONSES TO OBJECTIONS TO EVIDENCE
SUBMITTED ISO OPPOSITION TO PI MOTION

| Material Objected to: | | Grounds for Objection: | Sable's Response |
|---|---|---|---|
| | | | 694 F. Supp. 3d at 1267 n.4. |
| 12 | "I understand that Sable's representative followed up again on October 7, 2025, with a call to Ms. Lynch, but received no response." ¶ 35. | Lacks foundation. Fed. R. Evid. 602, 701; *Cleveland v. Groceryworks.com, LLC*, 200 F.Supp.3d 924, 940 (N.D. Cal. 2016); *United States v. Lindsey*, 680 F. Appx. 563, 566 (9th Cir. 2017). | This portion of Mr. Rusch's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701.  Mr. Rusch is the Vice President, Regulatory & Environmental Affairs of Sable Offshore Corp. and is testifying from personal knowledge obtained while serving in his role as head of regulatory affairs about his company's interactions with a California agency and its regulations.  *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also Kaypro*, 218 F.3d at 1075; *Brown*, 2016 WL 11756812, at *10.<br><br>Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence.  *See* ECF 30-3; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 13 | "I understand that Sable's representative followed up again on October 28, 2025, with a call to Ms. Lynch, but | Lacks foundation. Fed. R. Evid. 602, 701; *Cleveland v. Groceryworks.com, LLC*, 200 F.Supp.3d 924, 940 (N.D. Cal. 2016); *United States v. Lindsey*, 680 F. | This portion of Mr. Rusch's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701.  Mr. Rusch is the Vice President, Regulatory & Environmental Affairs of Sable Offshore Corp. and is testifying from personal knowledge |

LATHAM&WATKINSᴸᴸᴾ
ATTORNEYS AT LAW
LOS ANGELES

30

CASE NO. 2:26-cv-02946-SVW-SSC
RESPONSES TO OBJECTIONS TO EVIDENCE
SUBMITTED ISO OPPOSITION TO PI MOTION

| Material Objected to: | | Grounds for Objection: | Sable's Response |
|---|---|---|---|
| received no response." ¶ 36. | | Appx. 563, 566 (9th Cir. 2017). | obtained while serving in his role as head of regulatory affairs about his company's interactions with a California agency and its regulations. *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also Kaypro*, 218 F.3d at 1075; *Brown*, 2016 WL 11756812, at *10.<br><br>Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 30-3; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 14 | "I understand that Sable's representative followed up again on November 6, 2025, with a message to Ms. Siverson asking for a call, but received no response." ¶ 37. | Lacks foundation. Fed. R. Evid. 602, 701; *Cleveland v. Groceryworks.com, LLC*, 200 F.Supp.3d 924, 940 (N.D. Cal. 2016); *United States v. Lindsey*, 680 F. Appx. 563, 566 (9th Cir. 2017). | This portion of Mr. Rusch's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701. Mr. Rusch is the Vice President, Regulatory & Environmental Affairs of Sable Offshore Corp. and is testifying from personal knowledge obtained while serving in his role as head of regulatory affairs about his company's interactions with a California agency and its regulations. *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also Kaypro*, 218 F.3d at 1075; *Brown*, 2016 WL 11756812, at *10. |

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

31

CASE NO. 2:26-cv-02946-SVW-SSC
RESPONSES TO OBJECTIONS TO EVIDENCE
SUBMITTED ISO OPPOSITION TO PI MOTION

| Material Objected to: | Grounds for Objection: | Sable's Response |
|---|---|---|
| | | Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 30-3; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 15 "Nothing under Sable's proposed easement with CDPR would authorize Sable to conduct any activities in the Park that were not already evaluated under CEQA in the original EIR/EIS, or which CDPR has not already found to be exempt from further CEQA review." ¶ 42. | Lacks foundation. Fed. R. Evid. 602, 701; *Cleveland v. Groceryworks.com, LLC*, 200 F.Supp.3d 924, 940 (N.D. Cal. 2016); *United States v. Lindsey*, 680 F. Appx. 563, 566 (9th Cir. 2017). | This portion of Mr. Rusch's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701. Mr. Rusch is the Vice President, Regulatory & Environmental Affairs of Sable Offshore Corp. and is testifying from personal knowledge obtained while serving in his role as head of regulatory affairs about his company's interactions with a California agency and its regulations. *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also Kaypro*, 218 F.3d at 1075; *Brown*, 2016 WL 11756812, at *10.

Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 30-3; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 16 "I understand that Sable's | Lacks foundation. Fed. R. Evid. 602, | This portion of Mr. Rusch's declaration is within his |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

CASE NO. 2:26-cv-02946-SVW-SSC
RESPONSES TO OBJECTIONS TO EVIDENCE
SUBMITTED ISO OPPOSITION TO PI MOTION

| Material Objected to: | Grounds for Objection: | Sable's Response |
|---|---|---|
| representative followed up on December 22, 2025, to Ms. Siverson and Ms. Lynch." ¶ 43. | 701; *Cleveland v. Groceryworks.com, LLC*, 200 F.Supp.3d 924, 940 (N.D. Cal. 2016); *United States v. Lindsey*, 680 F. Appx. 563, 566 (9th Cir. 2017). | personal knowledge pursuant to Federal Rules of Evidence 602 and 701.  Mr. Rusch is the Vice President, Regulatory & Environmental Affairs of Sable Offshore Corp. and is testifying from personal knowledge obtained while serving in his role as head of regulatory affairs about his company's interactions with a California agency and its regulations.  *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also Kaypro*, 218 F.3d at 1075; *Brown*, 2016 WL 11756812, at *10. <br><br> Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence.  *See* ECF 30-3; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 17 | "On December 26, 2025, Ms. Siverson requested a meeting with Sable, promising to send 'a list of available times' within the 'next couple days.'" ¶ 44. | Lacks foundation. Fed. R. Evid. 602, 701; *Cleveland v. Groceryworks.com, LLC*, 200 F.Supp.3d 924, 940 (N.D. Cal. 2016); *United States v. Lindsey*, 680 F. Appx. 563, 566 (9th Cir. 2017). | This portion of Mr. Rusch's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701.  Mr. Rusch is the Vice President, Regulatory & Environmental Affairs of Sable Offshore Corp. and is testifying from personal knowledge obtained while serving in his role as head of regulatory affairs about his company's |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

33

CASE NO. 2:26-cv-02946-SVW-SSC
RESPONSES TO OBJECTIONS TO EVIDENCE
SUBMITTED ISO OPPOSITION TO PI MOTION

| Material Objected to: | | Grounds for Objection: | Sable's Response |
|---|---|---|---|
| | | | interactions with a California agency and its regulations. *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also Kaypro*, 218 F.3d at 1075; *Brown*, 2016 WL 11756812, at *10.<br><br>Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 30-3; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 18 | "I understand that, on December 30, 2025, Sable's representative followed up, but Ms. Siverson still had no meeting times to propose." ¶ 45. | Lacks foundation. Fed. R. Evid. 602, 701; *Cleveland v. Groceryworks.com, LLC*, 200 F.Supp.3d 924, 940 (N.D. Cal. 2016); *United States v. Lindsey*, 680 F. Appx. 563, 566 (9th Cir. 2017). | This portion of Mr. Rusch's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701. Mr. Rusch is the Vice President, Regulatory & Environmental Affairs of Sable Offshore Corp. and is testifying from personal knowledge obtained while serving in his role as head of regulatory affairs about his company's interactions with a California agency and its regulations. *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also Kaypro*, 218 F.3d at 1075; *Brown*, 2016 WL 11756812, at *10.<br><br>Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

34

CASE NO. 2:26-cv-02946-SVW-SSC
RESPONSES TO OBJECTIONS TO EVIDENCE
SUBMITTED ISO OPPOSITION TO PI MOTION

| Material Objected to: | Grounds for Objection: | Sable's Response |
|---|---|---|
| | | evidence proffered for a preliminary injunction motion and may consider inadmissible evidence.  *See* ECF 30-3; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 19 "On December 31, 2025, Ms. Siverson sent a corrected Right of Entry Permit, but still no meeting times." ¶ 46. | Lacks foundation. Fed. R. Evid. 602, 701; *Cleveland v. Groceryworks.com, LLC*, 200 F.Supp.3d 924, 940 (N.D. Cal. 2016); *United States v. Lindsey*, 680 F. Appx. 563, 566 (9th Cir. 2017). | This portion of Mr. Rusch's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701.  Mr. Rusch is the Vice President, Regulatory & Environmental Affairs of Sable Offshore Corp. and is testifying from personal knowledge obtained while serving in his role as head of regulatory affairs about his company's interactions with a California agency and its regulations.  *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also Kaypro*, 218 F.3d at 1075; *Brown*, 2016 WL 11756812, at *10.

Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence.  *See* ECF 30-3; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 20 "A meeting finally took place on January 5, 2026. I | Lacks foundation. Fed. R. Evid. 602, 701; *Cleveland v. Groceryworks.com, LLC*, 200 F.Supp.3d | This portion of Mr. Rusch's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701.  Mr. Rusch is the Vice |

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
LOS ANGELES

35

CASE NO. 2:26-cv-02946-SVW-SSC
RESPONSES TO OBJECTIONS TO EVIDENCE
SUBMITTED ISO OPPOSITION TO PI MOTION

| Material Objected to: | | Grounds for Objection: | Sable's Response |
|---|---|---|---|
| | understand that, at that meeting, CDPR reported that it had not commenced the 'Initial Study' it had claimed on November 13, 2025, was necessary for environmental review." ¶ 48. | 924, 940 (N.D. Cal. 2016); *United States v. Lindsey*, 680 F. Appx. 563, 566 (9th Cir. 2017). | President, Regulatory & Environmental Affairs of Sable Offshore Corp. and is testifying from personal knowledge obtained while serving in his role as head of regulatory affairs about his company's interactions with a California agency and its regulations. *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also Kaypro*, 218 F.3d at 1075; *Brown*, 2016 WL 11756812, at *10.<br><br>Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 30-3; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 21 | "Another meeting was set for January 26, 2026. Sable continued to try to meet CDPR's ever-changing demands, but CDPR continued to stonewall." ¶ 49. | Lacks foundation. Fed. R. Evid. 602, 701; *Cleveland v. Groceryworks.com, LLC*, 200 F.Supp.3d 924, 940 (N.D. Cal. 2016); *United States v. Lindsey*, 680 F. Appx. 563, 566 (9th Cir. 2017). There is no indication in Paragraph 49 of Mr. Rusch's declaration that he has personal knowledge of the | This portion of Mr. Rusch's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701. Mr. Rusch is the Vice President, Regulatory & Environmental Affairs of Sable Offshore Corp. and is testifying from personal knowledge obtained while serving in his role as head of regulatory affairs about his company's interactions with a California agency and its regulations. *See Xport*, 694 F. Supp. 3d at 1267 |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

36

CASE NO. 2:26-cv-02946-SVW-SSC
RESPONSES TO OBJECTIONS TO EVIDENCE
SUBMITTED ISO OPPOSITION TO PI MOTION

| Material Objected to: | Grounds for Objection: | Sable's Response |
|---|---|---|
| | alleged "stonewall[ing]." | n.4; *see also Kaypro*, 218 F.3d at 1075; *Brown*, 2016 WL 11756812, at *10.<br><br>Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence.  *See* ECF 30-3; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 22    "Further, I understand that Sable's counsel sought clarification as to the scope of biological and cultural survey information CDPR wanted for its review. In a response email that was accidentally sent to Sable's counsel, CDPR wrote back, 'I would tell him that it is not our job to tell them what we need; it is their job to submit any and all information thet | Lacks foundation; speculative. Fed. R. Evid. 602, 701; *Cleveland v. Groceryworks.com, LLC*, 200 F.Supp.3d 924, 940 (N.D. Cal. 2016); *United States v. Lindsey*, 680 F. Appx. 563, 566 (9th Cir. 2017). There is no indication in Paragraph 49 of Mr. Rusch's declaration that he has personal knowledge of the alleged email from State Parks. | This portion of Mr. Rusch's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701.  Mr. Rusch is the Vice President, Regulatory & Environmental Affairs of Sable Offshore Corp. and is testifying from personal knowledge obtained while serving in his role as head of regulatory affairs about his company's interactions with a California agency and its regulations.  *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also Kaypro*, 218 F.3d at 1075; *Brown*, 2016 WL 11756812, at *10.<br><br>Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible |

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
LOS ANGELES

| Material Objected to: | Grounds for Objection: | Sable's Response |
|---|---|---|
| [*sic*] they want included in our evaluation.'" ¶ 49. | | evidence.  *See* ECF 30-3; *Xport*, 694 F. Supp. 3d at 1267 n.4. |

## IV.   SABLE'S RESPONSES TO OBJECTIONS TO THE DECLARATION OF NATHAN SODERBERG (ECF NO. 26)

| | Material Objected to: | Grounds for Objection: | Sable's Responses |
|---|---|---|---|
| 1 | "The line rider reported that there was a small sink hole that appeared to be caused by water flowing underground during recent heavy rains." ¶ 6. | Hearsay. Fed. R. Evid. 801; *Young v. Allstate Co.*, 662 F.Supp.3d 1066, 1076 (C.D. Cal. 2023).<br>Lacks foundation; speculative. Fed. R. Evid. 602, 701; *Cleveland v. Groceryworks.com, LLC*, 200 F.Supp.3d 924, 940 (N.D. Cal. 2016); *United States v. Lindsey*, 680 F. Appx. 563, 566 (9th Cir. 2017). There is no indication in the declaration that the referenced line rider has the scientific or engineering knowledge or expertise to opine on the cause of the sinkhole. | This is not hearsay, because it is a business record made in the course of a regular activity of Sable and offered to explain Sable's conduct and response, which has been challenged. *See* Fed. R. Evid. 803(6).<br><br>This portion of Mr. Soderberg's declaration is relevant pursuant to Federal Rules of Evidence 401 and 402.  *See Ca Smoke & Vape*, 2020 WL 4390384, at *6 ("[I]t is well established that district courts may "consider hearsay in deciding whether to issue a preliminary injunction.").<br><br>Plaintiff's sole case on hearsay is in a summary judgment posture and concerns documents that were not "authenticated . . . by a valid declaration." *Young*, 662 F. |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

38

CASE NO. 2:26-cv-02946-SVW-SSC
RESPONSES TO OBJECTIONS TO EVIDENCE
SUBMITTED ISO OPPOSITION TO PI MOTION

| Material Objected to: | Grounds for Objection: | Sable's Responses |
|---|---|---|
| | | Supp. 3d at 1076. That is not relevant here. *See Pickup*, 42 F. Supp. 3d at 1350.<br><br>This portion of Mr. Soderberg's declaration is based on the line rider's observations pursuant to Federal Rule of Evidence 602 and constitutes permissible lay witness testimony pursuant to Federal Rule of Evidence 701. Mr. Soderberg does not hold the line rider out as an expert in land subsidence or civil engineering, and Mr. Soderberg's declaration solely presents relevant lay opinions based on perceptions, as evidenced by the photographs attached as exhibits to the declaration, which are relevant to demonstrate Mr. Soderberg's understanding of the existence and cause of the sinkhole.<br><br>Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 30-3; *Xport*, 694 F. Supp. 3d at 1267 n.4. |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

39

CASE NO. 2:26-cv-02946-SVW-SSC
RESPONSES TO OBJECTIONS TO EVIDENCE
SUBMITTED ISO OPPOSITION TO PI MOTION

Dated:  April 17, 2026

Respectfully submitted,

LATHAM & WATKINS LLP

By: /s/ *Jessica Stebbins Bina*

LATHAM & WATKINS LLP
Jessica Stebbins Bina (Bar No. 248485)
*jessica.stebbinsbina@lw.com*
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone:  +1 424.653.5500
Facsimile:   +1 424.653.5501

BABST CALLAND
Nicholas McDaniel (*pro hac vice*)
*nmcdaniel@babstcalland.com*
505 Ninth St., NW, Suite 602
Washington, DC 20004
Telephone:  +1 202.853.3455
Facsimile:   +1 202.853.3491

HOLLAND & KNIGHT LLP
James W. Noe (*pro hac vice*)
*jim.noe@hklaw.com*
Ashley Akers (*pro hac vice*)
*ashley.akers@hklaw.com*
800 17th St., NW, Suite 1100
Washington, DC 20006
Telephone: +1 202.469.5525
Facsimile:  +1 202.955.5564

*Attorneys for Defendants Sable Offshore Corp. and Pacific Pipeline Company*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

40

CASE NO. 2:26-cv-02946-SVW-SSC
RESPONSES TO OBJECTIONS TO EVIDENCE
SUBMITTED ISO OPPOSITION TO PI MOTION