ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
BRADLEY CRAIGMYLE
ROBERT N. STANDER
Deputy Assistant Attorneys General
RILEY W. WALTERS
Counsel
MICHAEL K. ROBERTSON
Trial Attorney
MATTHEW OAKES
Assistant Section Chief
U.S. Department of Justice
Environment & Natural Resources Division
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Phone:  (202) 598-3835
Email:  michael.robertson@usdoj.gov

*Attorneys for Proposed Defendant-Intervenor
the United States of America*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF PARKS AND RECREATION<br><br>Plaintiff,<br><br>v.<br><br>SABLE OFFSHORE CORP., PACIFIC PIPELINE COMPANY, and DOES 1-50 inclusive,<br><br>Defendants. | Case No. 2:26-cv-02946-SVW-SSC<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE BY THE UNITED STATES OF AMERICA**<br><br>Hearing Date: June 8, 2026<br>Time: 1:30 pm<br>Judge: Honorable Stephen V. Wilson<br><br>Complaint Filed: March 17, 2026<br>Date Removed: March 19, 2026 |

*Motion to Intervene by the
United States of America*

## **INTRODUCTION**

Plaintiff California Department of Parks and Recreation has filed this suit to enjoin Defendant Sable Offshore Corporation's operation of a pipeline because part of it traverses a state park. But the Secretary of Energy, acting under delegated authority granted by Congress to the President via the Defense Production Act, has ordered Sable to operate that pipeline to satisfy critical national security needs. Dkt. No. 38-1. The Secretary issued that order because he determined that production through the pipeline was necessary to address U.S. energy vulnerabilities and shortages that threaten our national security. The state is thus attempting to use state law to override a federal action that protects national security and military readiness. The United States seeks to intervene to protect the supremacy of federal law and to promote the national defense and critical energy production.

The question of whether the United States may intervene is an easy one. The rules governing intervention are to be liberally construed in favor of intervention. Here, the United States seeks to intervene to defend core federal interests and does so at the earliest stages of the litigation—before Defendants' responsive pleading has even been filed. Given that the United States is seeking to intervene so early in this litigation, the United States is contemporaneously filing a motion for temporary relief from Rule 24(c)'s pleading requirement, and seeks to file its responsive pleading alongside Defendants' responsive pleading on May 18, 2026, or, within seven days of the Court's decision here should intervention be granted, whichever is later. For the reasons expressed below, the United States's present Motion is timely and satisfies the relevant Rule 24 requirements for granting intervention.

Accordingly, pursuant to Rule 24 of the Federal Rules of Civil Procedure, the United States should be permitted to intervene as a matter of right or, in the alternative, be granted permission to intervene.

*Motion to Intervene by the
United States of America*

## BACKGROUND

On April 23, 2026, the United States filed a Statement of Interest providing notice of its position and interests in this case. Dkt. No. 38. The United States explained that it was actively considering whether to move to intervene, *id.* 1.n.1, and has now decided to do so.

In its Statement of Interest, the United States provided pertinent background information. *Id.* 3-5. The United States incorporates by reference the discussion of the Defense Production Act (DPA) and its delegation of authority to the President, and the Secretary of the Department of Energy's March 2026 Pipeline Capacity Prioritization and Allocation Order discussed therein. *Id.*

Since the filing of the Statement of Interest, the Court held a hearing on Plaintiffs' Motion for Preliminary Injunction. *See* Dkt. No. 42. The parties had earlier stipulated to an extension of time for Defendants to file their responsive pleading. Dkt. Nos. 19, 35. Defendants' deadline for filing a responsive pleading is May 18, 2026.

In accordance with Local Rule 7-3, on April 28, 2026, counsel for the United States conferred with counsel for the parties on this motion. Plaintiff opposes the motion and Defendants do not oppose the motion. *See* Ex. 1, Decl. of Michael K. Robertson.

## ARGUMENT

Federal Rule of Civil Procedure 24 provides two alternatives for intervention. First, a non-party may intervene as a matter of right under Rule 24(a). Second, a Court may permit a non-party to intervene under Rule 24(b). Both provisions are liberally construed in favor of intervention. *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003). Here, the United States may intervene as a defendant pursuant to Rule 24(a)(2) or, alternatively, Rule 24(b).

*Motion to Intervene by the*
*United States of America*

## I.    The United States May Intervene as of Right

A court must permit intervention where a non-party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Fed. R. Civ. P. 24(a)(2).  In other words, a movant is entitled to intervene as of right when "(1) its motion is timely; (2) it has a significantly protectable interest relating to the subject of the action; (3) it is so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) its interest is inadequately represented by the parties to the action."  *Sweet v. Cardona*, 121 F.4th 32, 47-48 (9th Cir. 2024) (citing *Kalbers v. U.S. Dep't of Just.*, 22 F.4th 816, 822 (9th Cir. 2021)).

When evaluating these requirements, courts "normally follow 'practical and equitable considerations,'" construing the Rule "'broadly in favor of proposed intervenors.'"  *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011) (en banc) (quoting *United States v. City of L.A.*, 288 F.3d 391, 397 (9th Cir. 2002)).

Here, the United States satisfies each of these four requirements.

### A. The United States's Motion is Timely

When assessing the timeliness of a motion for intervention, courts consider "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to the other parties; and (3) the reason for and length of the delay."  *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004) (cleaned up).  The most important consideration is whether intervention would prejudice other parties. *Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 857 (9th Cir. 2016).  Because "[a] party must intervene when he knows or has reason to know that his interests might be adversely affected[,]" *Alisal Water Corp.*, 370 F.3d at 923 (citation modified), courts assess timeliness from the date "when proposed intervenors should

have been aware that their interests would not be adequately protected by the existing parties." *W. Watersheds Project v. Haaland*, 22 F.4th 828, 836 (9th Cir. 2022) (quoting *Smith*, 830 F.3d at 854) (internal quotation marks omitted).

The United States has moved to intervene early in this litigation and without delay. On March 17, 2026, Plaintiff filed its Complaint in the Superior Court of California for the County of Santa Barbara. Dkt. No. 1-1. Defendants removed the matter to federal Court two days later. Dkt. No. 1. Since then, this Court has held a hearing on Plaintiff's motion for a preliminary injunction, *see* Dkt. No. 42, but Defendants have not yet filed an answer, *see* Dkt. No. 35, and this Court has not yet entered a scheduling order. Indeed, the United States is moving to intervene well within the time allowed by Rule 12(a)(2) for the United States to file an initial responsive pleading had this case been filed in federal court and the United States named as a Defendant and served at the outset. The United States thus moved expeditiously and is seeking to intervene at an early stage, less than two months after the case was filed. *See, e.g.*, *Walpert v. Solar Integrated Roofing Corp.*, No. 24-cv-0041, 2025 WL 863474, at *2 (S.D. Cal. Mar. 19, 2025) (holding motion was timely filed when lawsuit had been pending for over a year and discovery had not yet taken place); *Friends of Del Norte v. Cal. Dep't of Transp.*, No. 3:18-cv-00129-JD, 2020 WL 4349811, at *1 (N.D. Cal. July 29, 2020) (holding motion was timely filed when lawsuit had been pending for over a year and a half because it preceded "any hearings or rulings on substantive matters"); *accord N.W. Forest Res. Council v. Glickman*, 82 F.3d 825, 837 (9th Cir. 1996) (intervention motion was timely where "the motion was filed before the district court had made any substantive rulings").

Similarly, no party is prejudiced by the timing of the United States's intervention. The United States's involvement will neither delay the proceedings nor unduly burden any of the existing parties. To the contrary, the United States has proposed to file its responsive pleading on the same day already negotiated by the

4

*Motion to Intervene by the*
*United States of America*

existing parties, and it has already provided notice of its legal position and arguments by filing a Statement of Interest pursuant to 28 U.S.C. § 517.  Dkt. No. 38.

**B. The United States has a Significantly Protectable Interest in the Subject Matter of this Case**

"[A] proposed intervenor 'has a significant protectable interest in an action if (1) it asserts an interest that is protected under some law; and (2) there is a relationship between its legally protected interest and the plaintiff's claims.'" *Kalbers*, 22 F.4th at 827.  This "'interest' test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Wilderness Soc'y*, 630 F.3d at 1179 (quoting *Nuesse v. Camp*, 385 F.2d 694, 700 (D.C. Cir. 1967)).

The United States has a significant protectable interest in defending the supremacy of Federal law when, as here, a state attempts to override a federal action. *See* U.S. Const. art. VI, para. 2 ("This Constitution, and the Laws of the United States . . . shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."); *see also Arizona v. United States*, 567 U.S. 387, 399-403 (2012) (emphasizing that adherence to the preemptive effect of Federal law is essential).

The United States also has a strong interest in ensuring the national defense and ensuring energy production essential to the national defense. In passing the DPA, Congress found that, "in order to ensure national defense preparedness, it is necessary and appropriate to assure the availability of domestic energy supplies for national defense needs."  50 U.S.C. § 4502(a)(5).  Congress then delegated various authorities to the President to promote the national defense, *id.* § 4511(a)(1)-(2), (c), and those authorities have been delegated in relevant part to the Secretary of Energy. *See National Defense Resources Preparedness*, Exec. Order No. 13603, 77 Fed. Reg. 16,651, 16,652 (March 16, 2012).

*Motion to Intervene by the*
*United States of America*

The Secretary invoked that authority when he determined that the restart of a pipeline owned and operated by Defendants is essential to core energy and national security needs. Dkt. No. 38-1. In doing so, he directed Defendants to "immediately commence performance under contracts or orders for services . . . for hydrocarbon transportation capacity" related to the Santa Ynez Pipeline System. *Id.* at 3. But the relief Plaintiff seeks here would undermine the Secretary's action and stymie the needed production based on state trespass law. Plaintiffs are thus attempting to undermine the supremacy of federal law and our national security, and the United States has a significant interest in preventing that effort.

**C. A Merits Decision in California's Favor would Impair these Interests**

In deciding whether to grant intervention, courts ask whether disposition of the case *may* impact the proposed intervenor's interests. Fed. R. Civ. P. 24(a)(2) (emphasis added). This is not a heavy lift. *E.g.*, *California ex rel. Lockyer v. United States*, 450 F.3d 436, 442 (9th Cir. 2006) ("Having found that appellants have a significant protectable interest, we have little difficulty concluding that the disposition of this case may, as a practical matter, affect it."). This is because the Ninth Circuit "follow[s] the guidance of Rule 24 advisory committee notes that state that 'if an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene.'" *Id.* (quoting *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001).

As noted above, if intervention were denied and Plaintiff secured a judgment in its favor, the United States's interests in ensuring the supremacy of Federal law, the national defense, and energy production, which the DPA treats as essential to the national defense, would be impaired.

**D. Defendants Cannot Protect the Interest of the United States**

Finally, Courts consider whether other parties adequately represent the proposed intervenor's interests. "The burden of showing inadequacy of

6

*Motion to Intervene by the*
*United States of America*

representation is 'minimal' and satisfied if the applicant can demonstrate that representation of its interests 'may be' inadequate." *W. Watersheds Project v. Haaland*, 22 F.4th 828, 840 (9th Cir. 2022) (citation omitted); *accord Kalbers*, 22 F. 4th at 828. Courts consider "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011) (quoting *Arakaki*, 324 F.3d at 1086).

The United States has broader interests than a private party, and Defendants cannot adequately represent those interests. *See Kane Cnty., Utah v. United States*, 928 F.3d 877, 893 (10th Cir. 2019) (explaining that "[i]n litigating on behalf of the general public, the government is obligated to consider a broad spectrum of views"). Defendants are private entities. They are understandably focused on economic and other business interests. *See* Opp'n to Mot. for Prelim. Inj. 20, Dkt. No. 24 (citing potential loss of revenue and business disruption). In contrast, the United States's interests are rooted in its "obligations . . . to the general public" through its role in enforcing compliance with the Constitution, maintaining the supremacy of Federal law, and ensuring domestic energy production that meets the needs of the national defense. *See Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1499 (9th Cir. 1995) (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1208 (5th Cir. 1994)) ("[T]he government must present the broad public interest, not just the economic concerns of the timber industry."). The United States is best positioned to explain the legal effect of a federal action that protects our national security. *Cf. 178 Lowell St. Operating Co., LLC v. 1199SEUI United Healthcare Workers E.*, No. 07CV11790-NG, 2008 WL 11511510, at *4 (D. Mass. Sept. 30, 2008) ("The NLRB is a more appropriate guardian of the agency's jurisdiction and interests.").

7

*Motion to Intervene by the*
*United States of America*

Because the federal government is uniquely situated to present and articulate its interests, the United States's full participation is required.

**II. Alternatively, the United States Should be Allowed to Intervene by Permission**

A court may permit any non-party to timely intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. Rule Civ. P. 24(b)(1)(B). A court may permit the federal government specifically to intervene where "a party's claim or defense is based on: (A) a statute or executive order . . . ; or (B) any regulation, order, requirement, or agreement issued or made under the statute or executive order." *Id.* at 24(b)(2). In exercising its discretion whether to permit intervention, the Court must assess any prejudicial effect or undue delay on the original parties. *Id.* at 24(b)(3).

Here, the United States satisfies all of the relevant requirements for permissive intervention under Rule 24(b)(1). As detailed above, the United States's motion is timely. *See supra* Section I.A. Also, in accordance with Rule 24(b)(1)(B), both the United States and Defendants have raised common arguments that Plaintiff's claims are in conflict with federal law and thus preempted. *See* Statement of Interest 6-11; Opp'n to Mot. for Prelim. Inj. 11-14.

The United States has also satisfied the requirements for permissive intervention under Rule 24(b)(2). As expressed in its Opposition to Plaintiff's Motion for Preliminary Injunction, Dkt. No. 24, Defendants base their defense, in part, on the preemptive effect of the DPA and Secretary Wright's DPA order. *Id.* 13; *see* Fed. Rule Civ. P. 24(b)(2). On this additional basis, the Court should permit the United States to intervene and defend the preemptive effective of its statutes and resulting orders.

And finally, contemporaneous with the filing of this Motion, the United States is moving for relief from Rule 24(c)'s pleading requirement to file its responsive pleading on the same day that the parties had stipulated for the filing of Defendants'

8

responsive pleading.  Because the United States is seeking to intervene so early in this case and will align itself procedurally with the original Defendants, intervention will not unduly delay or prejudice any party.

### CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court grant the United States's Motion to Intervene by right under Rule 24(a)(2) or, in the alternative, permit the United States to intervene under Rule 24(b).

DATED:  May 5, 2026                Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
BRADLEY CRAIGMYLE
ROBERT N. STANDER
Deputy Assistant Attorneys General
RILEY W. WALTERS
Counsel

/s/ Michael K. Robertson
MICHAEL K. ROBERTSON
MATTHEW R. OAKES
Email:  Michael.Robertson@usdoj.gov
Counsel (DC Bar No. 1017183)
U.S. Department of Justice
Environment & Natural Resources Division
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Phone:  (202) 598-3835

*Attorneys for Proposed Defendant-Intervenor the United States of America*

### CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Interested Party the United States of America, hereby certifies that this Statement of Interest contains 2,719 words, which complies with the word limit for L.R. 11-6.1.

DATED:  May 5, 2026                /s/ *Michael K. Robertson*

Michael K. Robertson

9

*Motion to Intervene by the United States of America*