ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
BRADLEY CRAIGMYLE
ROBERT N. STANDER
Deputy Assistant Attorneys General
RILEY W. WALTERS
Counsel
MICHAEL K. ROBERTSON
Trial Attorney
MATTHEW OAKES
Assistant Section Chief
U.S. Department of Justice
Environment & Natural Resources Division
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Phone:  (202) 598-3835
Email:  michael.robertson@usdoj.gov

*Attorneys for Proposed Defendant-Intervenor
the United States of America*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF PARKS AND RECREATION <br><br> Plaintiff, <br><br> v. <br><br> SABLE OFFSHORE CORP., PACIFIC PIPELINE COMPANY, and DOES 1-50 inclusive, <br><br> Defendants. | Case No. 2:26-cv-02946-SVW-SSC <br><br> **MEMORANDUM IN SUPPORT OF MOTION FOR RELIEF FROM FEDERAL RULE OF CIVIL PROCEDURE 24(C)** <br><br> Hearing Date: June 8, 2026 <br> Time: 1:30 pm <br> Judge: Honorable Stephen V. Wilson <br><br> Complaint Filed: March 17, 2026 <br> Date Removed: March 19, 2026 |

*Motion for Relief
from Rule 24(c)*

Pursuant to Federal Rules of Civil Procedure 6(b) and 7(b), proposed Defendant-Intervenor the United States moves for temporary relief from Rule 24(c)'s pleading requirement.  The United States requests that the Court permit the United States to file its responsive pleading when Defendants are scheduled to file theirs on May 18, 2026, or seven days after a decision on the United States's Motion to Intervene should it be granted, whichever is later.

In accordance with Local Rule 7-3, Counsel for the United States conferred with counsel for the parties on April 28, 2026.  Plaintiff deferred taking a position until can review the motion.  Defendants do not oppose the motion.

Federal Rule of Civil Procedure 24(c) provides that a motion to intervene "must . . . be accompanied by a pleading that sets out the claim or defense for which intervention is sought."  The Ninth Circuit has long relaxed Rule 24(c)'s pleading requirement.  The Court has described the lack of an accompanying pleading as "a 'purely technical' defect which does not result in the 'disregard of any substantial right.'"  *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1188 (9th Cir. 2009) (quoting *Shores v. Hendy Realization Co.*, 133 F.2d 738, 742 (9th Cir. 1943)).

As a result, "[c]ourts . . . approve[] intervention motions without a pleading where the court was otherwise apprised of the grounds for the motion."  *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 474 (9th Cir. 1992); *see e.g.*, *United States v. Metro. St. Louis Sewer Dist.*, 569 F.3d 829, 834 (8th Cir. 2009) (concluding that intervenor's statement of interest explaining why it sought intervention was sufficient for Rule 24(c) purposes); *Spring Const. Co. v. Harris*, 614 F.2d 374, 377 (4th Cir. 1980) (disregarding "non-prejudicial technical defects" in intervenor's compliance with Rule 24(c) where parties were adequately informed of its claims and intervenor filed an accompanying pleading shortly thereafter); *Belgian Am. Mercantile Corp. v. De Groeve-Marcotte and Fils*, 433 F. Supp. 1098 (S.D.N.Y. 1977) (rejecting strict adherence to Rule 24(c)'s pleading requirement where non-party clearly stated the grounds on which its position was based).

1

The requested relief is appropriate here because it would not undermine any of the purposes served by the pleading requirement.  The pleading requirement promptly places the intervenor on equal footing with other parties relative to Rule 7 to avoid unnecessary delay, it forces an intervenor to stake out its position to avoid surprise to the existing litigants, and it performs a narrowing function in cases with multiple claims and defenses by putting the parties and the court on notice as to the particular claims and defenses for which intervention is sought.  Underlying all of these rationales, however, is a presumption that the case has advanced far enough that all existing parties have submitted their operative pleadings and the adjoining concern for avoiding prejudicial delay.

Here, several reasons support the United States's request for relief from Rule 24(c)'s "purely technical" pleading requirement consistent with Ninth Circuit precedent and the requirement's potential rationales.  First, the United States has clearly set out its interest and position in this case and its grounds for intervention both in its Statement of Interest, Dkt. No. 38, and in its Memorandum in Support of its Motion to Intervene filed alongside the present Motion.  There can be no doubt that the parties have adequate notice that the United States intends to assert an interest in the operation of the pipeline that is the subject of this lawsuit and seeks to maintain its operation to ensure the national defense and energy production, which the DPA treats as essential to the national defense, based on federal preemption grounds.

Second, this case was filed in state court on March 17, 2026, and removed to federal court on March 19, 2026.  *Defendants* have not yet filed a responsive pleading.  *See* Dkt. No. 35 (stipulating to extend Defendants' responsive pleading deadline to May 18, 2026).  There can be no prejudice to the parties by relieving the United States of Rule 24(c)'s simultaneous pleading requirement when the parties themselves have not yet pled their claims and defenses.  To conclude otherwise would create the perverse incentive for potential intervenors to delay filing their

*Motion for Relief*
*from Rule 24(c)*

intervention motion until after all pleadings have been filed and the time for permitting amended pleadings has expired.

Third, the United States is not seeking to forgo Rule 24(c)'s pleading requirement altogether. Rather, assuming the United States's Motion to Intervene is promptly granted, the United States's Motion seeks only to align its deadline to file a responsive pleading with the deadline already established by the parties for Defendants' responsive pleading.

In sum, the United States has adequately "apprised [the parties and the court] of the grounds for [its] motion." *Beckman Indus.*, 966 F.2d at 474. Permitting the United States to intervene at this early stage and file its responsive pleading alongside Defendants will result in no prejudice to the parties.

Accordingly, the United States respectfully requests that the Court grant it temporary relief from Rule 24(c)'s pleading requirement and permit the United States to file its responsive pleading on May 18, 2026, or within seven days following the Court's ruling on the United States's Motion to Intervene should the Court grant intervention, whichever is later.

DATED: May 5, 2026    Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
BRADLEY CRAIGMYLE
ROBERT N. STANDER
Deputy Assistant Attorneys General
RILEY W. WALTERS
Counsel

*/s/ Michael K. Robertson*
MICHAEL K. ROBERTSON
MATTHEW R. OAKES
Email: Michael.Robertson@usdoj.gov
Counsel (DC Bar No. 1017183)
Matthew Oakes
U.S. Department of Justice
Environment & Natural Resources Division
950 Pennsylvania Avenue NW
Washington, D.C. 20530

3

Phone:  (202) 598-3835

*Attorneys for Proposed Defendant-Intervenor*
*the United States of America*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Interested Party the United States of America, hereby certifies that this Statement of Interest contains 872 words, which complies with the word limit for L.R. 11-6.1.

DATED:  May 5, 2026                    /s/ *Michael K. Robertson*

Michael K. Robertson

4