ROB BONTA
Attorney General of California
JESSICA E. TUCKER-MOHL
Supervising Deputy Attorney General
ALICE M. SEGAL
Deputy Attorney General
State Bar No. 288108
  600 West Broadway, Suite 1800
  San Diego, CA 92101
  Telephone: (619) 738-9640
  Fax: (916) 732-7920
  E-mail: Alice.Segal@doj.ca.gov
*Attorneys for Plaintiff*
*California Department of Parks and*
*Recreation*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **California Department of Parks and Recreation,**<br><br>Plaintiff,<br><br>**v.**<br><br>**Sable Offshore Corp. and Pacific Pipeline Company,**<br><br>Defendant. | Case No. 2:26-cv-02946-SVW-SSC<br><br>**OPPOSITION TO MOTION TO INTERVENE BY THE UNITED STATES OF AMERICA**<br><br>Date: June 8, 2026<br>Time:        1:30 p.m.<br>Courtroom:    10A<br>Judge:        Hon. Stephen V. Wilson<br>Trial Date:    Not Set<br>Action Filed: 3/17/2026<br>Date Removed: 3/19/2026 |

# TABLE OF CONTENTS

**Page**

Introduction ................................................................................................................. 1

Legal Standard ............................................................................................................ 2

Argument ..................................................................................................................... 3

    I.    The United States Does Not Meet the Requirements for Intervention as of Right ............................................................................. 3

        A.    The United States Has Not Demonstrated Any Significant Protectable Interest Related to the Issues of this Case ............... 4

        B.    The United States Has Not Shown that Disposition of this Action May Practically Cause Potential Impairment of its Interest .............................................................................................. 6

        C.    The United States' Interests Are Adequately Represented by the Existing Defendants ....................................................... 8

    II.    The Court Should Deny Permissive Intervention ............................. 11

    III.    If the Court Permits Intervention, It Should Impose Reasonable Conditions to Ensure the Existing Parties are Not Prejudiced ........... 13

Conclusion ................................................................................................................. 14

i

# TABLE OF AUTHORITIES

**Page**

**CASES**

*178 Lowell St. Operating Co., LLC v. 1199SEUI United Healthcare Workers E.*
No. 07CV11790-NG, 2008 WL 11511510 (D. Mass. Sept. 30, 2008) ...................................................................................................... 10

*Arakaki v. Cayetano*
324 F.3d 1078 (9th Cir. 2003) .................................................. 2, 4, 9

*Beauregard, Inc. v. Sword Servs. L.L.C.*
107 F.3d 351 (5th Cir. 1997) .............................................................. 13

*Butler, Fitzgerald & Potter v. Sequa Corp.*
250 F.3d 171 (2d Cir. 2001) ............................................................... 10

*California ex rel. Lockyer v. United States*
450 F.3d 436 (9th Cir. 2006) ............................................................... 6

*Citizens for Balanced Use v. Montana Wilderness Ass'n*
647 F.3d 893 (9th Cir. 2011) ...................................................... 3, 4, 8, 9

*Dep't of Fair Emp. & Hous. v. Lucent Techs., Inc.*
642 F.3d 728 (9th Cir. 2011) ...................................................... 3, 11, 13, 14

*Dilks v. Aloha Airlines*
642 F.2d 1155 (9th Cir. 1981) .............................................................. 4

*Donnelly v. Glickman*
159 F.3d 405 (9th Cir. 1998) ............................................................... 11

*Forest Conservation Council v. U.S. Forest Serv*
66 F.3d 1489, 1499 (9th Cir. 1995) .................................................... 11

*Greene v. United States*
996 F.2d 973 (9th Cir. 1993) ............................................................... 7

*Johnson v. Tyson Foods, Inc.*
580 F. Supp. 3d 382 (N.D. Tex. 2022) ............................................... 9

ii

## TABLE OF AUTHORITIES
### (continued)

**Page**

*Kalbers v. United States Dep't of Just.*
    22 F.4th 816 (9th Cir. 2021) .......................................................................... 6

*Kane Cnty., Utah v. United States*
    928 F.3d 877 (10th Cir. 2019) ..................................................................... 10

*Massachusetts Food Ass'n v. Massachusetts Alcoholic Beverages*
    *Control Comm'n*
    197 F.3d 560 (1st Cir. 1999) ....................................................................... 13

*Perry v. Proposition 8 Official Proponents*
    587 F.3d 947 (9th Cir. 2009) ....................................................................... 11

*Planned Parenthood of Wisc., Inc. v. Kaul*
    942 F.3d 793 (7th Cir. 2019) ......................................................................... 2

*Public Service Co. of N.H. v. Patch*
    136 F.3d 197 (1st Cir. 1998) ......................................................................... 8

*Ranchers Cattlemen Action Legal Fund United Stockgrowers of Am. v.*
    *U.S. Dep't of Agric.*
    143 F. App'x 751 (9th Cir. 2005) .................................................................. 5

*S. California Edison Co. v. Lynch*
    307 F.3d 794 (9th Cir.) ................................................................................. 4

*Southwest Center for Biological Diversity v. Berg*
    268 F.3d 810 (9th Cir. 2001) ......................................................................... 2

*State of California v. Chris Wright et al.*
    Case No. 2:26-cv-3396-SVW-SSC .......................................................... 5, 7, 12

*Stuart v. Huff*
    706 F.3d 345 (4th Cir. 2013) ....................................................................... 13

*United States, et al. v. Plains All-American, et al.*
    Case No. 2:20-cv-02415-SVW-SSCx ............................................................. 7

*United States ex rel. Richards v. De Leon Guerrero*
    4 F.3d 749 (9th Cir. 1993) ........................................................................... 12

## <u>TABLE OF AUTHORITIES</u>
### (continued)

**Page**

*United States v. Alisal Water Corp.*
370 F.3d 915 (9th Cir. 2004) ....................................................................................4

*Venegas v. Skaggs*
867 F.2d 527 (9th Cir. 1989) ..................................................................................12

*Westlands Water Dist. v. U.S.*
700 F.2d 561 (9th Cir. 1983) ....................................................................................4

*Wilderness Soc. v. U.S. Forest Serv.*
630 F.3d 1173 (9th Cir. 2011) ............................................................................6, 11

*Winter v. Nat. Res. Def. Council, Inc.*
555 U.S. 7 (2008) ......................................................................................................9

STATUTES

Federal Rules of Civil Procedure
24(b)(1)(B)................................................................................................................3
24(b)(2)(A) ...............................................................................................................3
24(b)(3)....................................................................................................................11

**INTRODUCTION**

This case is a state-law trespass action, originally filed in state court, by a state government landowner against oil companies using state land without permission to operate an oil pipeline. Already pending before this Court are other cases concerning that oil pipeline that involve complex questions of federal law and involve the federal government as a party. This case does not need to become another one. There is no valid reason why the federal government needs to become a party to this case too, and so the United States's motion to intervene as a defendant should be denied. The United States's motion to intervene as a defendant should be denied.

First, the United States fails to satisfy Federal Rule of Civil Procedure 24(a), because it fails to demonstrate that its asserted protected interest could be impaired by the disposition of this case. Additionally, the claims the United States seeks to raise here are adequately represented by the existing defendants, Sable Offshore Corp. and Pacific Pipeline Company (collectively "Sable") and substantially similar to claims and issues being litigated in another suit presently before this Court—to which the United States (via the Department of Energy) is already a party.

The United States likewise fails to satisfy the requirements for permissive intervention under Federal Rule of Civil Procedure 24(b). Even if the United States were to establish common interests with Sable in the present action, its participation as a party here would unduly prejudice Plaintiff California Department of Parks and Recreation ("State Parks") and result in an inefficient use of judicial resources. The Court should exercise its substantial discretion to reject the United States' request for permissive intervention, and to keep this straightforward trespass action separate from the other actions (involving a consent decree and the State's lawsuit against the Department of Energy) to which the federal government is already a party. The United States has already filed a statement of interest (akin to an amicus brief) in

this matter, and that non-party status is adequate for the federal government's voice to be heard here.

If, however, the Court grants the United States' motion to intervene, it should limit the scope of the United States' intervention to solely intervention in pleadings related to the Defense Production Act ("DPA"), and formally exclude the United States from participating in the submitted preliminary injunction motion, future discovery, any trial, and from any pleadings unrelated to the DPA and Order issued pursuant to the DPA on March 13, 2026 (the "Wright Order").

The fact that the United States itself is moving to intervene does not automatically give it that authority. State Parks invites the Court, in its evaluation of the Motion, to scrutinize the United States's proposed grounds and lack of specific articulation of why the United States meets the criteria. Further, should the Court determine that intervention is still appropriate, State Parks requests the Court carefully limit the intervention of the United States to issues directly related to its interest, namely the application and scope of the DPA.

## LEGAL STANDARD

A movant seeking to intervene as of right under Federal Rule of Civil Procedure 24(a)(2) must establish the following: "(1) the application for intervention must be timely; (2) the applicant must have a 'significantly protectable' interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit." *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001). "Each of these four requirements must be satisfied to support a right to intervene." *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003); *accord, Planned Parenthood of Wisc., Inc. v. Kaul*, 942 F.3d 793, 797 (7th Cir. 2019) (the movant "has the burden of

establishing all four elements; the lack of even one requires that the court deny the motion.").

A federal officer or agency seeking to intervene permissively must show that it "has a claim or defense that shares with the main action a common question of law or fact," Fed. R. Civ. P. 24(b)(1)(B), or, alternatively, that its claim or defense "is based on . . . a statute or executive order administered by the officer or agency," Fed. R. Civ. P. 24(b)(2)(A). In making its discretionary decision on permissive intervention, a court must further consider whether the intervention would "unduly delay or prejudice" the existing parties. *Dep't of Fair Emp. & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 741 (9th Cir. 2011).

## ARGUMENT

### I.    THE UNITED STATES DOES NOT MEET THE REQUIREMENTS FOR INTERVENTION AS OF RIGHT

The United States' motion to intervene is timely in that there is no undue delay.[1] However, the United States has not met any of the remaining requirements for intervention as of right. Although the requirements for intervention are "broadly interpreted in favor of intervention," "review is guided primarily by practical considerations, not technical distinctions." *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011). In this case, the practical considerations do not support intervention because the United States' participation in other cases, the limited scope of this matter to the question of trespass; and identical interest that the United States shares with Sable oppose intervention as of right.

---

[1] Although technically timely, the motion is premature because, as of the date of filing this Opposition, Sable has not yet formally raised any defenses to show its planned representation of its own interests in the action. This undermines the United States' arguments that its protectable interests are impaired by this litigation as well as its argument Sable will be unable to adequately represent that interest.

3

**A.  The United States Has Not Demonstrated Any Significant Protectable Interest Related to the Issues of this Case**

To demonstrate a significant protectable interest, a proposed intervenor "must establish that the interest is protectable under some law and that there is a relationship between the legally protected interest and the claims at issue." *Citizens for Balanced Use,* 647 F.3d at 897. The United States may have a legally protected interest in defending a reasonable application of the Supremacy Clause or in preserving its national defense. However, the United States has not carried its burden to show that its asserted protected interests could be impaired by the disposition of *this* case. Essentially, the United States fails to show there is a relationship between its legally protected interests and State Parks' specific claims.

The "relationship" requirement of the "significantly protectable interest" is satisfied "only if the resolution of the plaintiff's claims actually will affect the applicant." *Arakaki*, 324 F.3d at 1084. The proposed intervenor "must establish an 'interest' . . . that is direct, non-contingent, substantial and legally protectable." *Dilks v. Aloha Airlines,* 642 F.2d 1155, 1156–57 (9th Cir. 1981); *accord United States v. Alisal Water Corp.* 370 F.3d 915, 920 & fn. 3 (9th Cir. 2004) (interest that merely may be "impacted by litigation" is not sufficient to intervene "of right." "To hold otherwise would create a slippery slope where anyone with an interest in the property of a party to a lawsuit could bootstrap that stake into an interest in the litigation itself."). "[A]n undifferentiated, generalized interest in the outcome of an ongoing action is too porous a foundation on which to premise intervention as of right." *S. California Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir.), *modified*, 307 F.3d 943 (9th Cir. 2002), *and certified question answered sub nom. S. California Edison Co. v. Peevey*, 31 Cal. 4th 781 (2003) (*quoting Westlands Water Dist. v. U.S.,* 700 F.2d 561, 563 (9th Cir. 1983) ("Environmental Defense Fund's interest in water district's water export rights is no different from interest of 'substantial portion of the population of northern California' and is thus not 'legally

4

protectible' under Rule 24(a).");  *accord Ranchers Cattlemen Action Legal Fund United Stockgrowers of Am. v. U.S. Dep't of Agric.*, 143 F. App'x 751, 753 (9th Cir. 2005) (Ninth Circuit upheld denial of intervention to National Meat Association in action brought by ranchers against the Department of Agriculture in part because Association demonstrated nothing more than general economic expectancy unrelated to a significant protectable interest).

There is no evidence of a practical impairment of the Supremacy Clause from this litigation. The case presents a claim of state trespass law: a private company, Sable, is operating an oil pipeline on State Parks' land without a valid easement and without permission from State Parks – in fact in direct violation of a letter State Parks sent to the private company on March 14, 2026. ECF No. 23-4 at 93. Although Sable argued that their trespass is required under the DPA and the Wright Order (ECF No. 24), Sable has not yet filed an answer (due the same day as State Parks' Opposition to the Motion to Intervene) and the Court has not ruled on State Parks' Motion for Preliminary Injunction (ECF No. 23) regarding whether compliance with the Wright Order does in fact authorize trespass and whether there is any actual conflict between State and Federal law. The cause of action for trespass does not itself implicate either the Wright Order or the supremacy of the DPA. The United States is separately defending a direct challenge to the Wright Order in *State of California v. Chris Wright et al.*, Case No. 2:26-cv-3396-SVW-SSC and will have an opportunity to litigate its issues in that matter.

Additionally, there is no evidence of a practical impairment of the United States' interest in national defense or "energy production essential to the national defense." ECF No. 52-1. Neither the United States nor Sable has made any argument that the oil being produced and transported by Sable is being sold directly to the federal government or being used for national defense needs as opposed to being sold privately for commercial use; in fact Sable has asserted the opposite, that the oil is being sold commercially. ECF No. 23-2 at 110-111. The United States has

5

not made a sufficient argument that it has a sufficient protectable interest, originating in national defense, in this specific action sounding in state law trespass.

The cases cited by the United States do not support its argument that it has a "significantly protectable interest" that is related to the present action because they permit intervention solely after establishing a clear relationship between the actions at issue in the litigation and the significant protectable interest of the intervening party. In *Kalbers v. United States Department of Justice*, the proposed intervenor had a clear interest in intervening in a freedom of information act request to prevent disclosure of its own document. *Kalbers v. United States Dep't of Just*., 22 F.4th 816, 827 (9th Cir. 2021). Similarly*, Wilderness Soc. v. U.S. Forest Service* analyzed intervention of right under Rule 24(a)(2) to direct abandonment of a rule that categorically barred intervention in particular National Environmental Policy Act cases. *Wilderness Soc. v. U.S. Forest Serv.,* 630 F.3d 1173 (9th Cir. 2011). Here, the United States fails to establish a relationship between its abstract interests in federal preemption and national defense on the one hand, and the present trespass case on the other. Absent any significantly protectable interest related to the issues in the present action, the United States is not entitled to intervene as of right and its motion should be denied.

**B.     The United States Has Not Shown that Disposition of this Action May Practically Cause Potential Impairment of its Interest**

Even if the Court were to find that the United States has a substantial and legally protected interest with a relationship to the claims at issue in this litigation, the United States is not entitled to intervene as of right because it cannot show that the disposition of this action may, as a practical matter, impair or impede its ability to protect its interest. "Even if this lawsuit would affect the proposed intervenors' interests, their interests might not be impaired if they have 'other means' to protect them." *California ex rel. Lockyer v. United States,* 450 F.3d 436, 442 (9th Cir.

6

2006); *Greene v. United States*, 996 F.2d 973, 977 (9th Cir. 1993) (intervention cannot be based on speculative impact on protected interests).

The United States' motion to intervene fails to show potential impairment both because the United States' argument of the impact is entirely speculative and because the issues raised in motion are being litigated in a related case. The United States's argument of impairment is speculative because it presents solely its conclusion that its interests would be impaired if State Parks secured a judgment in its favor. However, neither the supremacy of federal law nor the national interest in energy supplies for national defense would be practically impaired if State Parks were to succeed on its complaint to halt Sable's trespass on State Parks' property, which could be curbed without implicating either the Wright Order or the DPA itself. If the trespass is halted, Sable could resume negotiations with State Parks to establish a new easement, in recognition of the context of the national defense situation, satisfying the United States' interest in energy to support national defense while still preserving State Parks' property interests free of trespass.

Moreover, the United States' status as a defendant in another case in front of this Court provides it alternative means to protect its interests, because that case provides the United States an opportunity to litigate the question of federal supremacy as it applies to the DPA, as well as the national interest in the domestic energy supply. *State of California v. Chris Wright et al.*, Case No. 2:26-cv-3396-SVW-SSC.[2] The United States' failure to demonstrate potential impairment of its interests and the existence of alternative means for the United States to protect those interests demonstrates that intervention is not appropriate for the present matter and should be denied as of right.

---

[2] The United States is also a party to another case in front of this Court in which issues related to the DPA are being litigated, *United States, et al. v. Plains All-American, et al.*, Case No. 2:20-cv-02415-SVW-SSCx.

7

**C. The United States' Interests Are Adequately Represented by the Existing Defendants**

Even if the Court were to find that a relationship between State Parks' trespass action and a significant protectable interest that is potentially impaired by the present litigation, the United States cannot intervene as of right because its interests are adequately represented by Sable.[3] The United States' generic assertion that, as a government entity, it has broader interests than a private company is insufficient to satisfy its burden to show that Sable's representation in this matter will be inadequate. *See Public Service Co. of N.H. v. Patch*, 136 F.3d 197, 207 (1st Cir. 1998) ("[T]he adequacy of interest requirement is more than a paper tiger. A party that seeks to intervene as of right must produce some tangible basis to support a claim of purported inadequacy.").

The present case does not favor intervention of a matter of right under the three factors used to determine adequacy of representation. *See Citizens for Balanced Use,* 647 F.3d at 898 (three factors to evaluate whether the present party adequately represents the interest of the proposed intervenor are "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect.").

First, the United States' and Sable's interests are aligned; the matching arguments in Sable's opposition to State Parks' Motion for Preliminary Injunction, and the United States' Statement of Interest, proves their mirrored interests in seeking to compel the immediate use of the pipeline running through Gaviota State

---

[3] Indeed, this case is only in federal district court after being removed from Santa Barbara Superior Court upon Sable's assertion of federal officer jurisdiction. ECF 1 (Sable argued it was "subject to the 'close direction' of the federal government, because it is under direct 'federal control or supervision'" and "is helping to fulfill 'basic governmental tasks.'"). Sable's Notice of Removal asserts Sable will be asserting defenses that are the same as what the United States seeks to assert, including those originating in the DPA.

8

Park regardless of state contract and property law. Compare ECF Nos. 24 at 21 & 38 at 12-17 (both argue that the DPA and the Wright Order specifically preempt State Parks' claims under state law trespass, specifically citing impossibility preemption and relying heavily on *Johnson v. Tyson Foods, Inc.*, 580 F. Supp. 3d 382 (N.D. Tex. 2022); both also argue that injunctive relief would harm the public interest, specifically focusing on national security interests and *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 26 (2008)). As the case moves to the merits, Sable will undoubtedly make all the same arguments as the United States. *Id*. Second, the matching briefs also show that Sable is willing and capable of making the same arguments as the United States. *Id*; s*ee Arakaki*, 324 F.3d at 1086–87 (evidence before the court of previously raised arguments was used to demonstrate that the present party is "capable and willing to make all of [proposed intervenor's arguments]."). Third, the evidence before the court does not demonstrate that the United States would offer "necessary elements to the suit" that would otherwise be neglected without its intervention, nor has the United States identified anything "necessary" it would bring here. *Id*. Accordingly, Sable will adequately protect the interest of the United States and intervention is inappropriate here as of right.

The "most important factor" for assessing adequacy of representation is this alignment of interests: "[i]f an applicant for intervention and an existing party share the same ultimate objective, a presumption of adequacy of representation arises" and the applicant must make "a *compelling showing* of inadequacy of representation." *Citizens for Balanced Use,* 647 F.3d at 898 (emphasis added.). The evidence presently before the Court is that the United States and Sable share the ultimate objective to permit Sable to operate the pipeline through Gaviota State Park. The pleadings before the Court submitted by the United States and Sable demonstrate a unity of interest in the sole matter at issue in State Parks' complaint: oil running through Gaviota State Park. ECF Nos. 24 at 13-14 and 38 at 10 (both the Unites States and Sable identify their ultimate goal to be Sable's immediate use

9

of the pipeline, including that portion under Gaviota State Park, to transport oil); ECF No. 38-1 (the Wright Order even admitted that it was issued at Sable's request, underscoring that the United States' actions from the beginning are undertaken with reference to Sable's interests). Even in its Motion to Intervene, the United States makes no effort to distinguish its interests from Sable's as they relate to State Parks' Complaint. ECF No. 52-1 at 8. Rather, the United States relies solely on the generic statement that as a public agency, it has broader goals than that of a private corporation. *Id*. The United States thus fails to provide a *compelling showing* that Sable's representation will be inadequate.

Although the presumption of adequacy of representation may be overcome by things such as "evidence of collusion, adversity of interest, nonfeasance, or incompetence," the United States has proffered no such evidence. *See Butler, Fitzgerald & Potter v. Sequa Corp*., 250 F.3d 171, 180 (2d Cir. 2001). The United States offers nothing beyond its theoretical broader potential interests, for which it proffers no evidence of any disagreement in interest specific to the case presently before the Court.

None of the United States' cited cases supports its argument that Sable cannot represent its interests. The United States misunderstands that in these cases, the proposed intervenors had contrary interests to those of the current parties, directly affecting the arguments made in litigation. *178 Lowell St. Operating Co., LLC v. 1199SEUI United Healthcare Workers E.,* No. 07CV11790-NG, 2008 WL 11511510, at *4 (D. Mass. Sept. 30, 2008) (the National Labor Relations Board could intervene because it is the primary tribunal for adjudication of unfair labor practices, making its involvement in a case that could impact its adjudication of the same issue critical); *Kane Cnty., Utah v. United States*, 928 F.3d 877, 894 (10th Cir. 2019) (the private party intervenor had a distinct interest in scope of road construction at issue in the case, which would not have been adequately represented by the federal government because there was evidence of contradicting interests,

10

including the federal government's opposition to the motion to intervene and the administration's new interest in settlement, contrary to the position of the proposed intervenor); *Forest Conservation Council v. U.S. Forest Serv*, 66 F.3d 1489, 1499 (9th Cir. 1995), *abrogated by Wilderness Soc.*, 630 F.3d 1173  (State agencies were permitted limited intervention to protect their specific interests for forest management activities in Arizona, which were at issue in the lawsuit but outside the Forest Service's duties to defend a specific injunction).

None of these cases have bearing on the situation here, where the proposed intervenor's ultimate objective in the litigation is the same as Sable's. The United States' sweeping conclusions about its broad interests compared to those of a private party fail to address the specific nature of this case or provide any evidence that Sable's interests diverge from the United States' own for the ultimate objective for this suit. Absent evidence that Sable cannot adequately represent the United States' interests as to the issues in this litigation, intervention is inappropriate and should be denied.

## II.    THE COURT SHOULD DENY PERMISSIVE INTERVENTION

In the alternative, the United States requests permissive intervention. After asserting that it satisfies the threshold requirements for permissive intervention under Rule 24(b)(1)-(2), the United States does not address the next mandatory stage of evaluation of permissive intervention: discretionary analysis of whether intervention should be allowed. *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998). In making this discretionary determination, "the court must consider whether the intervention will unduly delay *or prejudice* the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3) (*emphasis added*). The district court may further "limit intervention to particular issues." *Dep't of Fair Emp't and Hous.*, 642 F.3d at 741.

The Court should deny permissive intervention for the same reasons it should deny intervention as a matter of right. *See, e.g.*, *Perry v. Proposition 8 Official*

11

*Proponents*, 587 F.3d 947, 955 (9th Cir. 2009) (stating that district court's denial of a Rule 24(b) motion to intervene based on the parties' "identity of interests" and the existing party's "ability to represent those interests adequately" was "supported by [Ninth Circuit] case law on intervention in other contexts"); *United States ex rel. Richards v. De Leon Guerrero*, 4 F.3d 749, 756 (9th Cir. 1993) (upholding denial of permissive intervention in a subpoena enforcement proceeding seeking disclosure of tax records where the government party made the same arguments as the taxpayer intervenors, and the government party would adequately represent the intervenors' privacy interests). For the reasons outlined above, the United States has not established essential elements of standing for intervention: it lacks a protectable interest that is redressable in this litigation, any related protectable interest would not be implicated by the results of the litigation, and any impacted protectable interest is adequately represented by Sable. See *supra* I.

Multiple factors support denying permissive intervention including that intervention would prejudice State Parks' interests, undermine judicial economy, and provide no deeper development of the underlying facts at issue in this case. Allowing the United States to intervene as a defendant would lead to duplicative briefing and discovery as well as expansion of the issues involved in this case (which would then overlap with the issues already being litigated in the related *Wright* case before this Court), to the prejudice of both State Parks and the Court's efficient use of its resources. *Venegas v. Skaggs*, 867 F.2d 527, 530 (9th Cir. 1989), *aff'd sub nom. Venegas v. Mitchell*, 495 U.S. 82 (1990) ("In exercising its discretion to grant or deny permissive intervention, a court must consider whether the intervention will 'unduly delay or prejudice the adjudication of the rights of the original parties.'"). Intervention would waste time and resources without producing any better understanding of the underlying facts because, as shown in the United States' own Motion to Intervene, the United States and Sable will continue to raise

"common arguments that Plaintiff's claims are in conflict with federal law and thus preempted." ECF No. 52-1 at 9.

Similarly, the Court should deny permissive intervention because the United States' interest would be satisfied if its potential additional arguments "could adequately be presented in amicus briefs," like its already filed Statement of Interest. *See Stuart v. Huff,* 706 F.3d 345, 355 (4th Cir. 2013) (Court has discretion to deny a motion to intervene in favor of permitting the proposed intervenor to file an amicus brief); *Massachusetts Food Ass'n v. Massachusetts Alcoholic Beverages Control Comm'n,* 197 F.3d 560, 568 (1st Cir. 1999); ECF No. 38.

The United States' participation is unnecessary for the full and fair presentation of the legal issues involved in this lawsuit. Thus, permissive intervention should also be denied.

## III. IF THE COURT PERMITS INTERVENTION, IT SHOULD IMPOSE REASONABLE CONDITIONS TO ENSURE THE EXISTING PARTIES ARE NOT PREJUDICED

If the Court permits intervention either permissive or as of right, it should impose reasonable conditions to ensure that the original parties are not prejudiced by the intervention. *Dep't of Fair Emp't and Hous.*, 642 F.3d at 741 ("[w]hen granting an application for permissive intervention, a federal district court is able to impose almost any condition," including limiting briefing subjects, barring duplicative discovery, and precluding attorney fees for duplicative work.); *Beauregard, Inc. v. Sword Servs. L.L.C.,* 107 F.3d 351, 353 (5th Cir. 1997) (conditions can be set on intervention granted as of right).

The following conditions should accompany any intervention, emulating those issued by the court in *Department of Fair Employment & Housing*. First, intervention should be limited either to only claims not asserted by Sable or solely to the subjects the United States has raised in its briefing thus far: the DPA and its applicability to the present case through the supremacy clause. *Dep't of Fair Emp't and Hous.*, 642 F.3d at 741; ECF Nos. 38, 52-1. Second, the United States should

13

be limited to reviewing the parties' discovery requests. *Id*. Third, the Court should limit the United States' participation at trial to the aforementioned scope of its briefing thus far. *Id*. Finally, if the court does allow intervention, State Parks requests the Court not permit any further briefing on State Parks' already-submitted Motion for Preliminary Injunction, so that resolution of that motion is not delayed, and not permit the United States to re-litigate this issue (or any other issue already decided by the Court in this matter).

## CONCLUSION

For the foregoing reasons, State Parks respectfully requests the Court deny the Motion to Intervene.

Dated:  May 18, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
JESSICA E. TUCKER-MOHL
Supervising Deputy Attorney General

ALICE M. SEGAL
Deputy Attorney General
*Attorneys for Plaintiff*
*California Department of Parks and*
*Recreation*

14

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiff California Department of Parks and Recreation, certifies that this brief contains __4344__ words, which:

_X_  complies with the word limit of L.R. 11-6.1.

Dated:  May 18, 2026                                    Respectfully submitted,

                                                        ROB BONTA
                                                        Attorney General of California

                                                        ALICE M. SEGAL
                                                        Deputy Attorney General
                                                        *Attorneys for Plaintiff California*
                                                        *Department of Parks and Recreation*

1

# CERTIFICATE OF SERVICE

Case Name:    **California Department of Parks and Recreation v. Sable Offshore Corp. and Pacific Pipeline Company**

Case No.        **2:26-cv-02946-SVW-SSC**

I hereby certify that on <u>May 18, 2026</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

OPPOSITION TO MOTION TO INTERVENE BY THE UNITED STATES OF AMERICA

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>May 18, 2026</u>, at San Diego, California.

|                          |                          |
|:------------------------:|:------------------------:|
| J. Llorens               | */s/ J. Llorens*         |
| Declarant                | Signature                |