ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
BRADLEY CRAIGMYLE
ROBERT N. STANDER
Deputy Assistant Attorneys General
RILEY W. WALTERS
Counsel
MICHAEL K. ROBERTSON
Trial Attorney
MATTHEW OAKES
Assistant Section Chief
U.S. Department of Justice
Environment & Natural Resources Division
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Phone:  (202) 598-3835
Email:  michael.robertson@usdoj.gov

*Attorneys for Proposed Defendant-Intervenor
the United States of America*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF PARKS AND RECREATION<br><br>Plaintiff,<br><br>v.<br><br>SABLE OFFSHORE CORP., PACIFIC PIPELINE COMPANY, and DOES 1-50 inclusive,<br><br>Defendants. | Case No. 2:26-cv-02946-SVW-SSC<br><br>**REPLY MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE BY THE UNITED STATES OF AMERICA**<br><br>Hearing Date: June 8, 2026<br>Time: 1:30 pm<br>Judge: Honorable Stephen V. Wilson<br><br>Complaint Filed: March 17, 2026<br>Date Removed: March 19, 2026 |

*Reply Mem. in Support of
Mot. to Intervene*

Even though the preemptive effect of the Secretary of Energy's Order is at issue in this case, Plaintiff California Department of Parks and Recreation ("California") chose to oppose the United States's Motion for Intervention. But for the reasons stated in the United States's opening memorandum, the Motion should be granted, and the United States should be permitted to intervene under Rule 24 either as matter of right, or in the alternative, by permission.

The United States has satisfied all the requirements for intervention as a matter of right. *See Sweet v. Cardona*, 121 F.4th 32, 47-48 (9th Cir. 2024) (citing *Kalbers v. U.S. Dep't of Just.*, 22 F.4th 816, 822 (9th Cir. 2021)). Plaintiff does not dispute that the Motion is timely. *See* Opp'n to Mot. to Intervene 3, Dkt. No. 57 ("Opp'n"). The United States has a significant protectable interest in defending the supremacy of Federal law and ensuring energy production essential to the national defense. California seeks to impede that interest by halting the operation of a pipeline the United States has determined is critical to that interest. *See* Prayer for Relief ¶¶ 1-2, Dkt. No. 1-1. The United States's interests cannot be adequately represented by a private corporation whose interests do not center around principles of federalism and national security. This is true even if California's multiple challenges are based on overlapping legal theories advanced both here and in other cases.

California offers a variety of responses but none are persuasive, especially in light of this Circuit's instruction that Rule 24 should be construed "'broadly in favor of proposed intervenors.'" *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011) (en banc) (quoting *United States v. City of L.A.*, 288 F.3d 391, 397 (9th Cir. 2002)).

First, California claims there is no impairment to the United States's interests in the supremacy of federal law or the national defense because "[t]he cause of action for trespass does not itself implicate" these interests. Opp'n 5. But, as California concedes, a significantly protectable interest is sufficiently related to an existing claim if the resolution of that claim "'actually will affect the applicant.'" *Id.* at 4

1

*Reply Mem. in Support of
Mot. to Intervene*

(quoting *Arkaki v. Cayetano*, 324 F.3d 1078, 1084 (9th Cir. 2003) *as amended* (May 13, 2003). In this case, the Secretary of Energy invoked the DPA because he determined that the *immediate* flow of oil through the Santa Ynez Pipeline System is necessary to meet core national defense needs. *See* Statement of Interest, Dkt. No. 38. California, however, seeks to immediately enjoin that flow of oil and remove a segment of the pipeline. Prayer for Relief ¶¶ 1-2. California's contention that it can frustrate the United States's national interests through its application of state tort law unquestionably implicates the Secretary Wright's March 2026 Pipeline Capacity Prioritization and Allocation Order ("DPA Order"), Dkt. No. 38-1, the national defense interests served by that Order, and the supremacy of federal law, as evidenced by the parties' filings to date. *See* Dkt. No. 24 at 13 (opposing California's motion for preliminary injunction on grounds that the DPA Order preempts California's claims); Answer, Sixth Defense, Dkt. No. 58 (same); Dkt. No. 30 at 6-7 (arguing in support of California's motion for preliminary injunction that the DPA does not preempt California's claim).

Second, California suggests the United States can protect against any impairment to this interest in a separate challenge brought by California to the DPA Order, *State of California v. Chris Wright, et al.*, Case No. 2:26-cv-3396-SVW-SSC. Opp'n 5, 7. But as the United States explains in that case, preemption is *not* at issue there—only the legality of the DPA Order on its face. Opp'n to Pl.'s Mot. for a Prelim. Inj. and Stay 14, Dkt. No. 23, *Wright*, Case No. 2:26-cv-3396-SVW-SSC. Preemption, which is distinct from the DPA Order's legal validity, must be decided in a concrete factual context—such as in *this* litigation. *Id.* California failed to even respond to this point in its reply brief in *Wright*. In any event, the United States intends to vigorously defend its interests in that case and, to the extent they overlap, seeks to defend those same interests here. There is nothing in the language of Rule 24 that precludes a non-party—in particular the United States—from intervening where a secretarial order serves as its basis for intervention and is also at issue in

*Reply Mem. in Support of
Mot. to Intervene*

another case.  To hold otherwise would create the perverse incentive for a savvy plaintiff to file multiple lawsuits in the hopes of stifling an interested third party's ability to challenge issues central to the controversy.[1]

Third, California argues intervention should be denied because any impairment to the United States's interest is "entirely speculative" at this stage of the litigation.  Opp'n 7.  But that ignores the relevant standard. Intervention as a matter of right is justified when "disposition of the action *may* as a practical matter impair or impede its ability to protect that interest." *Sweet*, 121 F.4th at 48 (emphasis added).  Here, California has sought to stop the flow of oil through the pipeline and remove a segment of the pipeline.  Prayer for Relief ¶¶ 1-2.  This relief and California's hypothetical solution—that Sable could resume operations after negotiating a new easement—directly conflict with the DPA Order, which commands the *immediate* flow of oil.  The mere possibility that Sable could "resume negotiations with State Parks to establish a new easement," Opp'n 7, does nothing to allay the United States's concerns that the DPA Order will not be followed now.

This feeds directly into California's fourth contention, that the United States's interests are adequately represented by Sable.  As a private company, Sable's interests are focused on ensuring its own compliance with state and federal law and its business interests.  Thus, as California concedes, Sable could theoretically seek resolution of this case with California in the form of settlement or negotiate a new easement that could temporarily halt the flow of oil through the pipeline.  The United States does not share these interests.  The United States is concerned with ensuring

---

[1] It is also worth noting that the Court permitted Sable to intervene in the *Wright* litigation to defend the DPA Order's facial validity.  *See* Order Granting Sable Offshore Corp. & Pacific Pipeline Co.'s Mot. to Intervene, Dkt. No. 28, *Wright*, Case No. 2:26-cv-3396-SVW-SSC (filed May 20, 2026).  The United States should likewise be permitted to intervene here to defend the DPA Order's preemptive effect.

*Reply Mem. in Support of*
*Mot. to Intervene*

federal law is followed and oil is transported through the pipeline to meet current energy needs.  California's hypothetical solution for Sable's predicament reveals that the United States's interests are not adequately protected.  Moreover, California misreads relevant case law to argue that intervention is only proper when the intervenor's interests are "contrary" to the interests of the current parties.  Opp'n 10.  In our adversarial system, plaintiffs and defendants necessarily take contrary positions and intervenor's most often fall on one side or the other.  Requiring an intervenor to stake out a third, independent position from the parties would nearly eliminate the possibility of intervention altogether.

The United States also satisfies the standard necessary to grant intervention by permission.  Permissive intervention is proper where a proposed intervenor's claim or defense shares a common question of law or fact with the main action, or in the case of federal intervenors, where a party's claim or defense is based on a federal statute, executive order, or subordinate order.  *See* Fed. R. Civ. P. 24(b)(1)-(2).  Defendants' removal papers and opposition to California's motion for preliminary injunction made clear that Defendants would rely, in part, on executive and secretarial orders made pursuant to the Defense Production Act ("DPA").  *See* Notice of Removal 2, Dkt. No. 1; Opp'n to Pls.' Mot. for Prelim. Inj. 1, Dkt. No. 24.  And permissive intervention by the United States at this early stage will not unduly delay or prejudice the adjudication of this case.  Fed. R. Civ. P. 24(b)(3).

California argues the United States's intervention would unduly delay and prejudice its interests by leading to "duplicative briefing and discovery."  Opp'n 12.  But this would be true of *any* intervenor and cannot be grounds to deny intervention.  Tying itself into knots, California argues that the United States's involvement will be prejudicial to its interests because it will cause "expansion of the issues involved," Opp'n 12, while at the same time arguing that the United States and Defendants "will

4

*Reply Mem. in Support of*
*Mot. to Intervene*

continue to raise 'common arguments.'" *id.* at 12-13.[2]  This inconsistency belies the fact that no undue prejudice will result from the United States's intervention.  The United States promptly sought intervention at the earliest stages of this litigation before any discovery or scheduling order had been entered and has sought to promptly file an answer or responsive pleading should intervention be granted. Allowing the United States to intervene as a matter of permission will therefore not cause any undue delay or prejudice to the parties here.

Finally, the Court should decline California's invitation to limit the United States's involvement ex ante.  While the United States does not anticipate at this time raising issue outside those identified in its Statement of Interest, the Court should not tie the United States's hands prematurely.  Rather, the United States should be permitted to intervene and litigate its interests like any other litigant, while following the Federal Rules of Civil Procedure and any applicable local rules governing motion practice, requirements for seeking leave to file additional papers, and the like.

In sum, the Court should reject California's Goldilocks interpretation of Rule 24.  According to California, the United States's intervention is both too early, *id.* at 3 n.1 ("the motion is premature"), and too late, *id.* at 13-14 (requesting that the Court restrict the United States's involvement to avoid delay); and the United States does not have an interest at risk of impairment, *id.* at 5-7, but it does have interests all too common with Defendants to warrant its involvement.  *Id.* at 8-10.  Rule 24 does not require a proposed intervenor to thread this impossible needle.  Rather, Rule 24 is driven by "practical and equitable considerations.'"  *Wilderness Soc'y*, 630 F.3d at

---

[2] Tellingly, California did not object to proposed intervenor-plaintiffs' motion to intervene in the *Wright* litigation on this (or any other) basis.  *See* Proposed Intervenors' Notice of Mot., Mot. to Intervene, & Mem. of Points and Authorities in Support Thereof 2, Dkt. No. 21, *Wright*, Case No. 2:26-cv-3396-SVW-SSC (filed May 7, 2026).

*Reply Mem. in Support of*
*Mot. to Intervene*

1179.   Where, as here, the United States has satisfied the Rule's requirements, intervention should be granted as a matter of right, or in the alternative, as a matter of permission.

Accordingly, for the reasons stated in its Memorandum in Support, Dkt. No. 52-1, and above, the United States respectfully requests that the Court permit the United States to intervene.[3]

DATED:  May 26, 2026          Respectfully submitted,

                              ADAM R.F. GUSTAFSON
                              Principal Deputy Assistant Attorney General
                              BRADLEY CRAIGMYLE
                              ROBERT N. STANDER
                              Deputy Assistant Attorneys General
                              RILEY W. WALTERS
                              Counsel

                              */s/ Michael K. Robertson*
                              MICHAEL K. ROBERTSON
                              MATTHEW R. OAKES
                              Email:  Michael.Robertson@usdoj.gov
                              Counsel (DC Bar No. 1017183)
                              U.S. Department of Justice
                              Environment & Natural Resources Division
                              950 Pennsylvania Avenue NW
                              Washington, D.C. 20530
                              Phone:  (202) 598-3835

                              *Attorneys for Proposed Defendant-Intervenor*
                              *the United States of America*

## CERTIFICATE OF COMPLIANCE

---

[3] And for the reasons stated in its Memorandum in Support of its unopposed motion for relief from Federal Rule of Civil Procedure 24(c)'s pleading requirement, Dkt. No. 53-1, the United States respectfully requests that the Court also grant that Motion and permit the United States to file its responsive pleading within seven days of the granting of this Motion.

6

*Reply Mem. in Support of*
*Mot. to Intervene*

The undersigned, counsel of record for Proposed Defendant-Intervenor the United States of America, hereby certifies that this Reply Memorandum contains 1,849 words, which complies with the word limit for L.R. 11-6.1.

DATED:  May 26, 2026                              /s/ *Michael K. Robertson*

                                                  Michael K. Robertson

*Reply Mem. in Support of*
*Mot. to Intervene*