ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
BRADLEY CRAIGMYLE
ROBERT N. STANDER
Deputy Assistant Attorneys General
RILEY W. WALTERS
Counsel
MICHAEL K. ROBERTSON
Trial Attorney
MATTHEW OAKES
Assistant Section Chief
U.S. Department of Justice
Environment & Natural Resources Division
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Phone:  (202) 598-3835
Email:  michael.robertson@usdoj.gov

*Attorneys for Defendant-Intervenor*
*the United States of America*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF PARKS AND RECREATION<br><br>　　　　Plaintiff,<br><br>v.<br><br>SABLE OFFSHORE CORP., PACIFIC PIPELINE COMPANY, and DOES 1-50 inclusive,<br><br>　　　　Defendants. | Case No. 2:26-cv-02946-SVW-SSC<br><br>**DEFENDANT-INTERVENOR THE UNITED STATES OF AMERICA'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Hearing Date: N/A<br>Time: N/A<br>Judge: Honorable Stephen V. Wilson<br><br>Complaint Filed: March 17, 2026<br>Date Removed: March 19, 2026 |

*Answer of the United States*

Pursuant to Federal Rules of Civil Procedure 8 and the Court's June 3, 2026, Order and Scheduling Notice, Defendant-Intervenor the United States responds to the allegations in Plaintiff California Department of Parks and Recreation's Complaint as set forth below.

Paragraph numbers in this Answer correspond to those in Plaintiff's Complaint. The United States does not specifically respond to section headings, subheadings, or footnotes, but to the extent those elements expressly or implicitly include substantive factual or legal allegations, the United States denies those allegations. The United States replicates the headings and subheadings in Plaintiff's Complaint for organizational purposes only.

## RESPONSES TO COMPLAINT ALLEGATIONS

## NATURE OF ACTION

1. The allegations in Paragraph 1 purport to characterize Plaintiff's case and contain legal conclusions to which no response is required. To the extent a response is required, Defendant-Intervenor denies the allegations.

2. Defendant-Intervenor admits the allegations in the first sentence of Paragraph 2. Defendant-Intervenor admits that Defendants Sable Offshore Corp. and Pacific Pipeline Company (collectively, "Sable") resumed transporting oil through the subject section of the Santa Ynez Pipeline System ("SYPS") on or about March 13, 2026. The remaining allegations in Paragraph 2 contain legal conclusions to which no response is required. To the extent a response is required, Defendant-Intervenor denies the allegations.

## PARTIES

3. Defendant-Intervenor lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 3 and, on that basis, denies them.

4. Defendant-Intervenor lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first clause of the first

1

*Answer of the United States*

sentence of Paragraph 4 and, on that basis, denies them. Defendant-Intervenor admits that Sable is the owner of the SYPS, that the SYPS is located in part in Santa Barbara County, and that the SYPS includes the facilities described, among others. Defendant-Intervenor admits that a segment of the CA-325 pipeline, approximately four miles long, runs under Gaviota State Park.

5. Defendant-Intervenor admits that Sable owns the CA-324 pipeline and the CA-325 pipeline and that Pacific Pipeline is the former owner of Lines 901 and 903, which were renamed Lines CA-324 and CA-325 respectively. Defendant-Intervenor lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 5 and, on that basis, denies them.

6. Defendant-Intervenor lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first and second sentences in Paragraph 6 and, on that basis, denies them. The remaining allegations in Paragraph 6 state legal conclusions to which no response is required. To the extent a response is required, Defendant-Intervenor denies the allegations.

7. Defendant-Intervenor lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7 and, on that basis, denies them. To the extent the allegations in Paragraph 7 state legal conclusions, no response is required. To the extent a response is required, Defendant-Intervenor denies the allegations.

## VENUE AND JURISDICTION

8. The allegations in Paragraph 8 state legal conclusions to which no response is required. To the extent a response is required, Defendant-Intervenor admits the subject portion of the SYPS pipeline is located in Santa Barbara County and denies the remaining allegations.

9. The allegations in Paragraph 9 state legal conclusions to which no response is required. To the extent a response is required, Defendant-Intervenor denies the allegations.

2

*Answer of the United States*

## BACKGROUND AND FACTUAL ALLEGATIONS

**Gaviota State Park**

10.    Defendant-Intervenor admits the allegations in the first sentence of Paragraph 10.  Defendant-Intervenor lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 10 and, on that basis, denies them.

**The Previous Easement Issued by State Parks to Sable's Predecessor-in-Interest**

11.    To the extent the allegations in Paragraph 11 purport to quote or characterize documents attached to Plaintiff's Complaint, those documents speak for themselves and are the best evidence of their contents.  Defendant-Intervenor lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 11 and, on that basis, denies them.

12.    The allegations in Paragraph 12 state legal conclusions to which no response is required.  To the extent a response is required, Defendant-Intervenor denies the allegations.

**The 2015 Refugio Oil Spill**

13.    Defendant-Intervenor admits that on or about May 19, 2015, a portion of the pipeline Line 901 (now Line CA-324) ruptured and released oil in Santa Barabara County as described in the Pipeline and Hazardous Materials Safety Administration's May 2016 Failure Investigation Report ("Report").  To the extent the allegations in Paragraph 13 are inconsistent with that Report, Defendant-Intervenor lacks knowledge or information sufficient to form a belief as to their truth or falsity and, on that basis, denies them.

14.    Defendant-Intervenor lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first two sentences of Paragraph 14 and, on that basis, denies them.  Defendant-Intervenor admits the allegations in the last two sentences of Paragraph 14.

3

*Answer of the United States*

**The Annual Right of Entry Permits Issued by State Parks to Sable and its Predecessors-in-Interest**

15. Defendant-Intervenor lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 15 and, on that basis, denies them.

16. To the extent the allegations in Paragraph 16 purport to quote or characterize a document attached to Plaintiff's Complaint, that document speaks for itself and is the best evidence of its contents. Defendant-Intervenor lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 16 and, on that basis, denies them.

**The Right of Entry Permit Issued to PPC in May 2025 to Perform Anomaly Digs**

17. To the extent the allegations in Paragraph 17 purport to quote or characterize a document, that document speaks for itself and is the best evidence of its contents. Defendant-Intervenor lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 17 and, on that basis, denies them.

**Sable's Pending Easement Application with State Parks**

18. To the extent the allegations in Paragraph 17 purport to quote or characterize an email, that document speaks for itself and is the best evidence of its contents. Defendant-Intervenor lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 18 and, on that basis, denies them.

19. Defendant-Intervenor lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19 and, on that basis, denies them.

4

20.     Defendant-Intervenor lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20 and, on that basis, denies them.

21.     To the extent the allegations in Paragraph 21 purport to quote or characterize a letter, that document speaks for itself and is the best evidence of its contents.  Defendant-Intervenor lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 21 and, on that basis, denies them.

22.     To the extent the allegations in Paragraph 22 purport to quote or characterize emails, those documents speak for themselves and are the best evidence of their contents.  Defendant-Intervenor lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 22 and, on that basis, denies them.

23.     Defendant-Intervenor lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23 and, on that basis, denies them.

24.     To the extent the allegations in the first sentence of Paragraph 24 purport to quote or characterize a letter, that document speaks for itself and is the best evidence of its contents.  The remaining allegations in Paragraph 24 state legal conclusions to which no response is required.  To the extent a response is required, Defendant-Intervenor denies the allegations.

25.     Defendant-Intervenor lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25 and, on that basis, denies them.

5

*Answer of the United States*

# FIRST CAUSE OF ACTION

## Continuing Trespass

## (Against All Defendants)

26.    Defendant-Intervenor repeats and reasserts its responses to Paragraphs 1 to 25 as if fully set forth herein.

27.    The allegations in Paragraph 27 state legal conclusions to which no response is required.  To the extent a response is required, Defendant-Intervenor denies the allegations.

28.    The allegations in Paragraph 28 state legal conclusions to which no response is required.  To the extent a response is required, Defendant-Intervenor denies the allegations.

29.    The allegations in Paragraph 29 state legal conclusions to which no response is required.  To the extent a response is required, Defendant-Intervenor denies the allegations.

30.    The allegations in Paragraph 30 state legal conclusions to which no response is required.  To the extent a response is required, Defendant-Intervenor denies the allegations.

31.    The allegations in Paragraph 31 state legal conclusions to which no response is required.  To the extent a response is required, Defendant-Intervenor denies the allegations.

32.    The allegations in Paragraph 32 state legal conclusions to which no response is required.  To the extent a response is required, Defendant-Intervenor denies the allegations.

33.    The allegations in Paragraph 33 state legal conclusions to which no response is required.  To the extent a response is required, Defendant-Intervenor denies the allegations.

6

*Answer of the United States*

## SECOND CAUSE OF ACTION

### Declaratory Cause of Action

### (Against All Defendants)

34.     Defendant-Intervenor repeats and reasserts its responses to Paragraphs 1 to 33 as if fully set forth herein.

35.     The allegations in Paragraph 35 state legal conclusions to which no response is required.  To the extent a response is required, Defendant-Intervenor denies the allegations.

36.     The allegations in Paragraph 36 state legal conclusions to which no response is required.  To the extent a response is required, Defendant-Intervenor denies the allegations.

37.     The allegations in Paragraph 37 state the relief sought by Plaintiff and legal conclusions to which no response is required.  To the extent a response is required, Defendant-Intervenor denies the allegations.

### PRAYER FOR RELIEF

Defendant-Intervenor denies that Plaintiff is entitled to any relief.

### GENERAL DENIAL

Pursuant to Federal Rule of Civil Procedure 8(b)(3), Defendant-Intervenor denies any allegations in Plaintiff's Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

### AFFIRMATIVE DEFENSES

Defendant-Intervenor asserts the following affirmative defenses to the Complaint.

### First Defense

### (Preemption – Defense Production Act)

Plaintiff's claims are barred, in whole or in part, by the Defense Production Act, 50 U.S.C. § 4501, et seq., and the Secretary of Energy's March 13, 2026, Pipeline Capacity Prioritization and Allocation Order.

7

*Answer of the United States*

## Second Defense

## (Preemption – Pipeline Safety Act)

Plaintiff's claims are barred, in whole or in part, by the Pipeline Safety Act, 49 U.S.C. § 60101, et seq.

## Third Defense

## (Preemption – U.S. Constitution, Commerce Clause)

Plaintiff's claims are barred, in whole or in part, by the Commerce Clause, U.S. Const. art. I, § 8, cl. 3.

## Fourth Defense

## (Preemption – U.S. Constitution, Import-Export Clause)

Plaintiff's claims are barred, in whole or in part, by the Import-Export Clause, U.S. Const. art. I, § 10, cl. 2.

## Fifth Defense

## (Estoppel)

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel as Plaintiff was a signatory to the Consent Decree entered in *United States v. Plaints All American Pipeline L.P.*, No. 2:20-cv-2415-SVW-SSCx, Dkt. No. 6-1 (C.D. Cal. March 13, 2020).

## Sixth Defense

## (Propriety of Relief)

Plaintiff's prayer for injunctive relief is barred, in whole or in part, because Plaintiff has not shown its entitlement to any equitable relief.

## Reservation

Defendant-Intervenor reserves the right to add defenses as may be developed during litigation.

DATED:  June 10, 2026.        Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

8

*Answer of the United States*

BRADLEY CRAIGMYLE
ROBERT N. STANDER
Deputy Assistant Attorneys General
RILEY W. WALTERS
Counsel

*/s/ Michael K. Robertson*_____
Michael K. Robertson
Email:  Michael.Robertson@usdoj.gov
Counsel (DC Bar No. 1017183)
Matthew Oakes
U.S. Department of Justice
Environment & Natural Resources Division
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Phone:  (202) 598-3835

*Attorneys for Defendant-Intervenor
the United States of America*

9

*Answer of the United States*