ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
ROBERT N. STANDER
Deputy Assistant Attorney General
IAN M. SWENSON
Counsel
MICHAEL K. ROBERTSON
MATTHEW OAKES
Trial Attorneys
U.S. Department of Justice
Environment & Natural Resources Division
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Phone: (202) 598-3835
Email: michael.robertson@usdoj.gov

*Attorneys for Defendant-Intervenor the United States of America*

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

CALIFORNIA DEPARTMENT OF PARKS AND RECREATION

Plaintiff,

v.

SABLE OFFSHORE CORP., PACIFIC PIPELINE COMPANY, and DOES 1-10 inclusive,

Defendants.

Case No. 2:26-cv-02946-SVW-SSC

**DEFENDANT-INTERVENOR THE UNITED STATES OF AMERICA'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Hearing Date: N/A
Time: N/A
Judge: Honorable Stephen V. Wilson

Amended Complaint Filed: October 9, 2026

Pursuant to Federal Rules of Civil Procedure 8 and the Court's October 8, 2026, Order Granting Plaintiff Leave to File First Amended Complaint, Defendant-Intervenor the United States responds to the allegations in Plaintiff California Department of Parks and Recreation's Complaint as set forth below.

Paragraph numbers in this Answer correspond to those in Plaintiff's Complaint. The United States does not specifically respond to section headings, subheadings, or footnotes, but to the extent those elements expressly or implicitly include substantive factual or legal allegations, the United States denies those allegations. The United States replicates the headings and subheadings in Plaintiff's Complaint for organizational purposes only.

## RESPONSES TO COMPLAINT ALLEGATIONS

## NATURE OF ACTION

1. The allegations in Paragraph 1 purport to characterize Plaintiff's case and contain legal conclusions to which no response is required. To the extent a response is required, Defendant-Intervenor denies the allegations.

2. Defendant-Intervenor admits the allegations in the first sentence of Paragraph 2. Defendant-Intervenor admits that Defendants Sable Offshore Corp. and Pacific Pipeline Company (collectively, "Sable") resumed transporting oil through the subject section of the Santa Ynez Pipeline System ("SYPS") on or about March 13, 2026. Defendant-Intervenor lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the fifth sentence of Paragraph 2. The remaining allegations in Paragraph 2 contain legal conclusions to which no response is required. To the extent a response is required, Defendant-Intervenor denies the allegations.

## PARTIES

3. Defendant-Intervenor lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 3 and, on that basis, denies them.

4. Defendant-Intervenor lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first clause of the first sentence of Paragraph 4 and, on that basis, denies them. Defendant-Intervenor admits that Sable is the owner of the SYPS, that the SYPS is located in part in Santa Barbara County, and that the SYPS includes the facilities described, among others. Defendant-Intervenor admits that a segment of the CA-325 pipeline, approximately four miles long, runs under Gaviota State Park.

5. Defendant-Intervenor admits that Sable owns the CA-324 pipeline and the CA-325 pipeline and that Pacific Pipeline is the former owner of Lines 901 and 903, which were renamed Lines CA-324 and CA-325 respectively. Defendant-Intervenor lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 5 and, on that basis, denies them.

6. Defendant-Intervenor admits the allegation contained in Paragraph 6.

7. Defendant-Intervenor lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first and second sentences in Paragraph 7 and, on that basis, denies them. The remaining allegations in Paragraph 7 state legal conclusions to which no response is required. To the extent a response is required, Defendant-Intervenor denies the allegations.

8. Defendant-Intervenor lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8 and, on that basis, denies them. To the extent the allegations in Paragraph 8 state legal conclusions, no response is required. To the extent a response is required, Defendant-Intervenor denies the allegations.

## VENUE AND JURISDICTION

9. Defendant-Intervenor admits that Sable filed a Notice of Removal on March 19, 2026. The remaining allegations in Paragraph 9 purport to characterize Plaintiff's case and contain legal conclusions to which no response is required.

10. Defendant-Intervenor admits that venue is proper in this District. The remaining allegations in Paragraph 10 purport to characterize Plaintiff's case and contain legal conclusions to which no response is required.

## BACKGROUND AND FACTUAL ALLEGATIONS

### Gaviota State Park

11. Defendant-Intervenor admits the allegations in the first sentence of Paragraph 11. Defendant-Intervenor lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 11 and, on that basis, denies them.

### The Previous Easement Issued by State Parks to Sable's Predecessor-in-Interest

12. To the extent the allegations in Paragraph 12 purport to quote or characterize documents attached to Plaintiff's Complaint, those documents speak for themselves and are the best evidence of their contents. Defendant-Intervenor lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 12 and, on that basis, denies them.

13. The allegations in Paragraph 13 state legal conclusions to which no response is required. To the extent a response is required, Defendant-Intervenor denies the allegations.

### The 2015 Refugio Oil Spill

14. Defendant-Intervenor admits that on or about May 19, 2015, a portion of the pipeline Line 901 (now Line CA-324) ruptured and released oil in Santa Barabara County as described in the Pipeline and Hazardous Materials Safety Administration's May 2016 Failure Investigation Report ("Report"). To the extent the allegations in Paragraph 14 are inconsistent with that Report, Defendant-Intervenor lacks knowledge or information sufficient to form a belief as to their truth or falsity and, on that basis, denies them.

15. Defendant-Intervenor lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first two sentences of Paragraph 15 and, on that basis, denies them. Defendant-Intervenor admits the allegations in the last two sentences of Paragraph 15.

**The Annual Right of Entry Permits Issued by State Parks to Sable and its Predecessors-in-Interest**

16. Defendant-Intervenor lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16 and, on that basis, denies them.

17. To the extent the allegations in Paragraph 17 purport to quote or characterize a document attached to Plaintiff's Complaint, that document speaks for itself and is the best evidence of its contents. Defendant-Intervenor lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 17 and, on that basis, denies them.

**The Right of Entry Permit Issued to PPC in May 2025 to Perform Anomaly Digs**

18. To the extent the allegations in Paragraph 18 purport to quote or characterize a document, that document speaks for itself and is the best evidence of its contents. Defendant-Intervenor lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 18 and, on that basis, denies them.

**Sable's Pending Easement Application with State Parks**

19. To the extent the allegations in Paragraph 19 purport to quote or characterize an email, that document speaks for itself and is the best evidence of its contents. Defendant-Intervenor lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 19 and, on that basis, denies them.

20. Defendant-Intervenor lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20 and, on that basis, denies them.

21. Defendant-Intervenor lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21 and, on that basis, denies them.

22. To the extent the allegations in Paragraph 22 purport to quote or characterize a letter, that document speaks for itself and is the best evidence of its contents. Defendant-Intervenor lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 22 and, on that basis, denies them.

23. To the extent the allegations in Paragraph 23 purport to quote or characterize emails, those documents speak for themselves and are the best evidence of their contents. Defendant-Intervenor lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 23 and, on that basis, denies them.

24. Defendant-Intervenor lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24 and, on that basis, denies them.

25. Defendant-Intervenor admits that on March 13, 2026, the Secretary of the Department of Energy issued an order entitled Pipeline Capacity Prioritization and Allocation Order. That document speaks for itself and is the best evidence of its contents. Defendant-Intervenor admits that an article reproduced as Plaintiff's Exhibit E contains quotes. That document speaks for itself and is the best evidence of its contents. The United States denies the remaining allegations in Paragraph 25.

26. To the extent the allegations in the first sentence of Paragraph 26 purport to quote or characterize a letter, that document speaks for itself and is the best evidence of its contents. The remaining allegations in Paragraph 26 state legal

conclusions to which no response is required. To the extent a response is required, Defendant-Intervenor denies the allegations.

27. Defendant-Intervenor lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 27 and, on that basis, denies them.

28. Defendant-Intervenor lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 28 and, on that basis, denies them.

29. Defendant-Intervenor lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 29 and, on that basis, denies them.

30. Defendant-Intervenor lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 30 and, on that basis, denies them. To the extent that the allegations contained in Paragraph 30 describe the contents of various documents, those documents speak for themselves and are the best evidence of their contents.

31. Defendant-Intervenor lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 31 and, on that basis, denies them.

32. Defendant-Intervenor lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32 and, on that basis, denies them.

33. Defendant-Intervenor lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33 and, on that basis, denies them.

34. Defendant-Intervenor lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34 and, on that basis, denies them.

35. Defendant-Intervenor lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 35 and, on that basis, denies them.

**FIRST CAUSE OF ACTION**

**Continuing Trespass**

**(Against Defendants Sable Offshore Corp., Pacific Pipeline Company, and DOES 1-10)**

36. Defendant-Intervenor repeats and reasserts its responses to Paragraphs 1 to 35 as if fully set forth herein.

37. The allegations in Paragraph 37 state legal conclusions to which no response is required. To the extent a response is required, Defendant-Intervenor denies the allegations.

38. The allegations in Paragraph 38 state legal conclusions to which no response is required. To the extent a response is required, Defendant-Intervenor denies the allegations.

39. The allegations in Paragraph 39 state legal conclusions to which no response is required. To the extent a response is required, Defendant-Intervenor denies the allegations.

40. The allegations in Paragraph 40 state legal conclusions to which no response is required. To the extent a response is required, Defendant-Intervenor denies the allegations.

41. The allegations in Paragraph 41 state legal conclusions to which no response is required. To the extent a response is required, Defendant-Intervenor denies the allegations.

**SECOND CAUSE OF ACTION**

**Permanent Trespass**

**(Against Defendants Sable Offshore Corp., Pacific Pipeline Company, and DOES 1-10)**

42. Defendant-Intervenor repeats and reasserts its responses to Paragraphs 1 to 41 as if fully set forth herein.

43. The allegations in Paragraph 43 state legal conclusions to which no response is required. To the extent a response is required, Defendant-Intervenor denies the allegations.

44. The allegations in Paragraph 44 state legal conclusions to which no response is required. To the extent a response is required, Defendant-Intervenor denies the allegations.

45. The allegations in Paragraph 45 state legal conclusions to which no response is required. To the extent a response is required, Defendant-Intervenor denies the allegations.

46. The allegations in Paragraph 46 state legal conclusions to which no response is required. To the extent a response is required, Defendant-Intervenor denies the allegations.

**THIRD CAUSE OF ACTION**

**Continuing Trespass to Land**

**(Against Defendants Sable Offshore Corp., Pacific Pipeline Company, and DOES 1-10)**

47. Defendant-Intervenor repeats and reasserts its responses to Paragraphs 1 to 46 as if fully set forth herein.

48. The allegations in Paragraph 48 state legal conclusions to which no response is required. To the extent a response is required, Defendant-Intervenor denies the allegations.

49. The allegations in Paragraph 49 state legal conclusions to which no response is required. To the extent a response is required, Defendant-Intervenor denies the allegations.

50. The allegations in Paragraph 50 state legal conclusions to which no response is required. To the extent a response is required, Defendant-Intervenor denies the allegations.

51. The allegations in Paragraph 51 state legal conclusions to which no response is required. To the extent a response is required, Defendant-Intervenor denies the allegations.

## FOURTH CAUSE OF ACTION

### Declaratory Judgment

### (Against Defendants Sable Offshore Corp., Pacific Pipeline Company, and DOES 1-10)

52. Defendant-Intervenor repeats and reasserts its responses to Paragraphs 1 to 51 as if fully set forth herein.

53. The allegations in Paragraph 53 state legal conclusions to which no response is required. To the extent a response is required, Defendant-Intervenor denies the allegations.

54. The allegations in Paragraph 54 state legal conclusions to which no response is required. To the extent a response is required, Defendant-Intervenor denies the allegations.

55. The allegations in Paragraph 55 state the relief sought by Plaintiff and legal conclusions to which no response is required. To the extent a response is required, Defendant-Intervenor denies the allegations.

## PRAYER FOR RELIEF

Defendant-Intervenor denies that Plaintiff is entitled to any relief.

## GENERAL DENIAL

Pursuant to Federal Rule of Civil Procedure 8(b)(3), Defendant-Intervenor denies any allegations in Plaintiff's Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

## AFFIRMATIVE DEFENSES

Defendant-Intervenor asserts the following affirmative defenses to the Complaint.

**First Defense**

**(Preemption – Defense Production Act)**

Plaintiff's claims are barred, in whole or in part, by the Defense Production Act, 50 U.S.C. § 4501, et seq., and the Secretary of Energy's March 13, 2026, Pipeline Capacity Prioritization and Allocation Order.

**Second Defense**

**(Preemption – Pipeline Safety Act)**

Plaintiff's claims are barred, in whole or in part, by the Pipeline Safety Act, 49 U.S.C. § 60101, et seq.

**Third Defense**

**(Preemption – U.S. Constitution, Commerce Clause)**

Plaintiff's claims are barred, in whole or in part, by the Commerce Clause, U.S. Const. art. I, § 8, cl. 3.

**Fourth Defense**

**(Preemption – U.S. Constitution, Import-Export Clause)**

Plaintiff's claims are barred, in whole or in part, by the Import-Export Clause, U.S. Const. art. I, § 10, cl. 2.

**Fifth Defense**

**(Estoppel)**

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel as Plaintiff was a signatory to the Consent Decree entered in *United States v. Plaints All American Pipeline L.P.*, No. 2:20-cv-2415-SVW-SSCx, Dkt. No. 6-1 (C.D. Cal. March 13, 2020).

**Sixth Defense**

**(Propriety of Relief)**

Plaintiff's prayer for injunctive relief is barred, in whole or in part, because Plaintiff has not shown its entitlement to any equitable relief.

**Reservation**

Defendant-Intervenor reserves the right to add defenses as may be developed during litigation.

DATED: November 9, 2026. Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
ROBERT N. STANDER
Deputy Assistant Attorney General
IAN M. SWENSON
Counsel
MICHAEL K. ROBERTSON
MATTHEW OAKES
Trial Attorneys

*/s/ Matthew R. Oakes*
Michael K. Robertson
Email: Michael.Robertson@usdoj.gov
Counsel (DC Bar No. 1017183)
Matthew Oakes
U.S. Department of Justice
Environment & Natural Resources Division
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Phone: (202) 598-3835

*Attorneys for Defendant-Intervenor the United States of America*